[No. 2210. Decided July 9, 1896.]

NORTH RIVER BOOM COMPANY, *Respondent*, v. ISAAC SMITH *et ux.*, *Appellants*.

APPROPRIATION OF TIDE LANDS BY BOOM COMPANY — PARTIES — CONSTITUTIONAL LAW — SPECIAL PRIVILEGES — APPEAL — ERRORS NOT URGED — MISCONDUCT OF CLERK.

The state is not a necessary party to an action for the appropriation by a boom company of tide lands, which the state has contracted to sell, as the state's interest in land is not subject to condemnation.

The alleged unconstitutionality of the act conferring upon boom companies the right of eminent domain, owing to defect in the title

of the act, will not be considered on apeal, when not raised in the court below nor in the briefs in the supreme court.

A law conferring the right of eminent domain upon boom companies is not open to the objection that it contravenes the constitutional prohibition (art. 2, § 28) against the enactment of special laws granting corporate powers or privileges.

The fact that one instruction given by the court had been inadvertently withheld by the clerk, upon a request from the jury during their deliberations to have the instructions sent them, cannot be urged as error, in the absence of any showing that the appellant was prejudiced by such omission.

Appeal from Superior Court, Pacific County.— HON. FRED L. RICE, Judge *pro tem.*    Affirmed.

*Richard K. Boney (Elwood Evans,* of counsel), for appellants.

*Turney & Ferrandini,* and *Welsh & Thorp,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment rendered in an action brought to appropriate certain tide lands of the third class for boom purposes. A demurrer was interposed to the complaint, which was overruled. The defendants answered, and, upon trial, certain damages were awarded to the defendants, with which they were not satisfied, and from which judgment they have appealed to this court.

We think the petition stated facts sufficient to constitute a cause of action. The contention that the state should have been made a party to the action was fully disposed of by this court in *Seattle & M. Ry. Co. v. State,* 7 Wash. 150 (38 Am. St. Rep. 866, 34 Pac. 551), where it was held that the state's interest in land was not subject to condemnation. The state, through its authorized agent, the legislature, having authorized the boom company to enter upon the lands, and

giving to the boom company an easement therein, and having contracted in this instance with the appellants for the purchase of the land, there is no interest to be condemned except the interest of the appellants. This, it seems to us, disposes of the main contention in the case.

The main argument made by one of the attorneys for appellants, to the effect that the act of March 17, 1890, (Laws 1889–90, p. 470), conferring upon boom companies the right of eminent domain, is unconstitutional, on the ground of defect in the title of the act, was not raised in the court below, or upon the briefs here, and will therefore not be considered.

There was one constitutional question raised, however, and that was that said act was contrary to the provisions of the state constitution prohibiting the enactment of such laws granting corporate powers or privileges, viz., § 28 of art. 2 of the constitution. There was no authority, however, cited to sustain this contention; nor do we think that any can be found. It is well settled that boom companies are *quasi* public corporations, and that the legislature has power to authorize them to condemn property under the right of eminent domain, and that the use of such land by such companies is a public use, inasmuch as it tends to promote the productive power of any considerable number of the inhabitants of the section of the state, and leads to the creation of new channels for the employment of private capital and labor. 7 Lawson, Rights, Rem. & Prac. § 3885, and cases cited. In fact, the overwhelming, and we think uniform, decisions of the courts under constitutions similar to ours in this respect, sustain this law.

We think the court gave the proper instructions to

the jury in the case, and that no error was committed in the trial thereof.

During the deliberations of the jury, they requested the clerk to send them the instructions of the court. The clerk attempted to comply with the request of the jury, but, through a mistake, omitted to send a certain instruction which had inadvertently become separated from the rest. This instruction, it is claimed, was beneficial to the defendants; and because of the failure of the jury to receive said instruction after they had retired, appellants moved the lower court to set aside the verdict of the jury, and assign as error the overruling of said motion by the court. Conceding the irregularity claimed by the appellants, and conceding, without deciding, that the jury had a right to the instructions at all, in the absence of any showing, by affidavit or otherwise, that the defendants were prejudiced by the fact that this instruction was inadvertently omitted from the jury, we would not be justified in reversing the case.

Believing that the record discloses no prejudicial error in any particular, the judgment will be affirmed.

HOYT, C. J., and GORDON, J., concur.