[No. 4005.  Decided March 12, 1902.]

SAMISH BOOM COMPANY, *Appellant*, v. S. A. CALLVERT,
    *as Commissioner of Public Lands, Respondent.*

TIDE LANDS — IMPROVEMENTS BY BOOM COMPANIES — APPRAISEMENT —
    APPROPRIATION OF STATE LANDS.

Under Laws 1889-90, p. 470, and Laws 1895, p. 128, authorizing
the formation of boom companies and providing that they shall
have power to acquire and hold, buy, lease, or purchase real
property necessary for carrying on their business, and if the
owners of land sought to be appropriated for such purposes will
not agree as to the amount of compensation to be paid for the
land, then the same may be determined under the statutes re-
lating to eminent domain, there is no express or implied author-
ization to use the tide lands of the state except by purchase or
lease, inasmuch as the law in force authorized the acquisition
of tide lands of the state at a fixed price or for the leasing of
such lands under certain conditions; consequently the filing of a
map of location by a boom company did not amount to an appro-
priation of the state's tide lands, nor entitle it to compensation
for improvements placed thereon subsequent to January 1, 1891.

Appeal from Superior Court, Skagit County.—Hon.
GEORGE A. JOINER, Judge.  Affirmed.

*Million & Houser,* for appellant.

*W. B. Stratton,* Attorney General, and *Henry McBride,*
for respondent.

The opinion of the court was delivered by

WHITE, J.—A demurrer was interposed to the com-
plaint.  It was sustained.  Appellant elected to stand upon
its complaint.  A judgment of dismissal was rendered.
The appellant assigns the order sustaining the demurrer
and the entry of judgment as error.

Omitting the formal allegations, the complaint alleges
that the appellant is a corporation organized by virtue of

the laws of Washington regarding the organization, operation, and management of boom companies, and that it has been such corporation ever since the 13th of March, 1900; that within ninety days after filing its articles of incorporation it filed its plat of location over and along the mouth of the Samish river, and the tide lands lying adjacent thereto, for its use as a boom company in carrying on its business; and that, within ninety days after filing of its plat it began to do business as such company in the clearing out and preparation of said river from the mouth thereof for booming purposes, and has actually begun work and business within said ninety days as a boom company on said premises, and it intends to continue in the future such business. The allegations relative to the action of the auditor of Skagit county in selling and offering for sale the tide lands covered by said plats are substantially the same allegations as in *Sullivan v. Callvert, ante,* p. 600 (68 Pac. 363), and the relief prayed for is the same. In *Sullivan v. Callvert,* we held that it was not necessary to sell unimproved tide lands in quantities not exceeding 160 acres; one of the contentions of the appellant in this case being that the tide land was being sold in quantities of more than 160 acres. The improvements of appellant, if any, were placed upon the land, as appears by the complaint, long after January 1, 1891, and therefore are not the improvements contemplated in § 5 of the act of March 16, 1897, providing for the disposition of the public lands of the state (Laws 1897, p. 229), in which the improver has an interest; and no appraisement of the same, as far as the rights of the appellant to the improvements are concerned, was necessary before selling such lands. We do not mean to hold, however, that improvements made after January 1, 1891, should not be ap-

praised, and the value of the same paid into the state treasury, under the act of 1897, for the use of the permanent school fund. The act of 1897 is general in its terms, and includes the tide lands in controversy in this action; and, if they are not otherwise lawfully appropriated, the board of state land commissioners has the right to dispose of them in the manner provided in said act. The only question for our consideration is, has the appellant, under authority of the state, appropriated the tide lands mentioned in its complaint? If it has, the board of state land commissioners has no authority to sell them, although falling within the definition of "public lands." The rule is that, whenever a tract of public land is once legally appropriated to any purpose, from that moment the land thus appropriated becomes severed from the mass of public land, so that authority to sell in general terms will not be construed to embrace or operate upon it, although no reservation is made of it. *Leavenworth, L. & G. R. Co. v. United States,* 92 U. S. 733; *Wilcox v. Jackson,* 13 Pet. 498. It is provided in the act of March 18, 1895 (Laws 1895, p. 128), and in the act of March 17, 1890 (Laws 1889-90, p. 470), relative to boom companies, that such corporations shall have power to acquire and hold, buy, lease, or purchase, real property necessary for carrying on their business. It is further provided that if the corporation cannot agree with persons owning land or shore rights sought to be appropriated by the corporation for carrying on its business, as to the amount of compensation to be paid therefor, then the same may be determined in the manner provided by law for the appropriation of private property under the statutes relating to eminent domain. The acts of 1890 and 1895 further provide that the corporation, within ninety days after its articles of

incorporation have been filed, shall file in the office of the secretary of state a plat or survey of so much of the shore lines of the waters of the state, and land contiguous thereto, as is proposed to be appropriated for the purposes of the corporation. The act designates this plat as "maps of location." The map of location filed by the appellant includes the land in controversy. The appellant claims that, by filing this map, tide lands belonging to the state, and embraced therein, so far, at least, as the privilege to use and improve them, passed to appellant, and while so in use they cannot be sold. The acts in question do not expressly or impliedly authorize the use of the tide lands of the state by the corporation, unless after purchase or lease. The act contemplates that the corporation purchase or lease from the owners of the land and shore rights the land necessary for carrying on the business of the corporation. It is true that under the law there is no power in the corporation to condemn tide lands belonging to the state. *Seattle & M. Ry. Co. v. State,* 7 Wash. 150 (34 Pac. 551, 22 L. R. A. 217, 38 Am. St. Rep. 866); *North River Boom Co. v. Smith,* 15 Wash. 138 (45 Pac. 750). But the law authorizes the sale of the tide lands at a fixed price, and there is no necessity for condemnation of the same. It also empowers the board of state land commissioners to lease such lands when they have not been sold, and no application has been made to purchase them. When the appellant filed its maps of location, it had the opportunity of either purchasing or leasing the tide lands of the state included with its map. The appellant must pursue one or the other of these methods, to lawfully obtain the use of tide lands belonging to the state, before it can be allowed to assert any right to the use of, or interest in, such lands.

The judgment of the court below is therefore affirmed, with costs to the respondent.

REAVIS, C. J., and FULLERTON, HADLEY, DUNBAR, ANDERS and MOUNT, JJ., concur.