[No. 8138.    Department One.    January 8, 1910.]

FRANZ MUELLER et al., Respondents, v. WASHINGTON WATER POWER COMPANY, Appellant.[1]

CARRIERS—INJURIES TO PASSENGERS—PLEADING—COMPLAINT. A complaint alleging that a car had stopped and passengers were alighting, and that plaintiff was violently thrown to the ground by the sudden starting of the car without warning while she was in the act of alighting, states a cause of action, although it is alleged that the plaintiff, on account of defective eyesight, could not know whether the car was in motion.

APPEAL—REVIEW—VERDICT. The fact that witnesses describe an accident in terms other than the exact words of the complaint is not ground for setting aside a verdict.

APPEAL—REVIEW—VERDICT. The verdict of a jury upon conflicting evidence will not be disturbed on appeal if there was some testimony to justify it.

CARRIERS—INJURIES TO PASSENGERS—DEGREE OF CARE—INSTRUCTIONS. It is proper to instruct that a street railway company, operating by electricity in the carriage of passengers, must use "the highest degree of care, skill, and diligence practicable, consistent with the operation" and it is liable for "the slightest negligence in said operation," as the latter is but a corollary of the former.

NEW TRIAL—IMPEACHING VERDICT—AFFIDAVITS. A new trial should not be granted on the affidavit of a railroad company's claim agent that a juror told him that the verdict would have been different had certain evidence been admitted or excluded, where the same is denied by the juror.

NEW TRIAL—ACCIDENT OR SURPRISE—ABSENCE OF WITNESS. A new trial should not be granted for accident or surprise on account of the absence of a material witness, where it appears that he was present on the first day of the trial, and asked to be excused to go out of the

[1]Reported in 106 Pac. 476.

state, expecting to return in time, and the adverse party offered to allow him to be sworn out of his turn, which offer was declined and the witness was excused and did not get back in time, especially where there was evidence given similar to that expected from the witness, and his absence was accounted for.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $6,750 for injuries sustained by a passenger thrown to the ground in alighting from an electric car, is excessive and should be reduced to $5,250, where it appears that the plaintiff was fifty years of age and her hip joint was fractured, resulting in the shortening of a limb one-half inch, except for which she would be fairly recovered in one year, and she was able to attend to household duties at the time of the trial.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 2, 1909, upon the verdict of a jury rendered in favor of the plaintiff for $6,750, for personal injuries sustained by a passenger in alighting from a street car. Reversed, unless $1,500 is remitted.

*H. M. Stephens,* for appellant.

*Nuzum & Nuzum,* for respondents.

CHADWICK, J.—This is an action instituted to recover damages for personal injuries, sustained by respondent Emma A. Mueller because of the alleged negligence of appellant. It is first assigned as error that the demurrer to the complaint should have been sustained, because the complaint was drawn upon the theory that the car was in motion at the time Mrs. Mueller attempted to alight, and that because of defective eyesight she did not know, and could not by the exercise of ordinary diligence discover, that the car was in motion. This taken alone and upon technical consideration may subject the complaint to criticism, but when considered as a whole the complaint fairly states a cause of action. It is alleged, that the car had stopped and that passengers were alighting; that plaintiff was in the act of stepping to the ground when the car was suddenly started without warning, and that she was thrown violently to the ground. This was the issue tendered and accepted by ap-

pellant.  The case does not fall within *Blakney v. Seattle Electric Co.*, 28 Wash. 608, 68 Pac. 1037, for there the plaintiff attempted to get off the car knowing it was in motion.

The next error assigned is that some of the witnesses had sworn that the car started with a sudden lurch or jerk, notwithstanding it was not so alleged in the complaint.  It cannot be expected that witnesses will express themselves in all instances with aptness and precision, and courts should not assume to set aside the verdict of juries because they describe an incident in other words than those employed by the pleader, so long as their testimony is responsive to the main issue.

It is next contended that the overwhelming weight of the evidence is in favor of the appellant and against the respondents.  There was enough evidence to warrant a verdict either way.  It was the province of the jury to weigh this evidence under the direction of the trial judge, taking into consideration the manner and demeanor of the witnesses when upon the witness stand.  The disputed issue of fact was resolved in favor of respondents, and we must decline to review it so long as their was some testimony to justify the verdict.

The following instruction was given by the court and excepted to as erroneous:

"You are further instructed that the defendant at the time of the alleged accident was the owner of and was operating an electric railway for the purpose of transporting passengers for hire, and was bound to exercise the highest degree of care, skill and benefits practicable, consistent with the operation of said electric railway and the cars used in operation thereof, and taking into consideration the circumstances and conditions existing at that time and place in question, in order to prevent and avoid injury to the plaintiff, if you find that the plaintiffs were passengers upon the car as alleged in their complaint, and that the defendant is liable for the slightest negligence in its operation."

This instruction has been held to be good by this court in *Jordan v. Seattle Renton & Southern R. Co.*, 47 Wash. 503, 92 Pac. 284. The theory upon which it was held good was that it was the corollary of the admitted rule that a carrier of passengers is held to the highest degree of care.

A motion for a new trial was made, and overruled by the court. It appears that one H. D. Merritt had been subpoenaed as a witness and would have testified, that he was standing in the vestibule of the car at the time Mrs. Mueller was injured; that the car was in motion when she came upon the platform, and that the conductor and others warned her not to attempt to get off; that she did not heed the warnings, and that he attempted to restrain her, but because of the crowded condition of the vestibule, he did not reach her in time to prevent the accident. Mr. Merritt was called away and was not sworn as a witness. A claim agent of appellant filed an affidavit saying that he had called the attention of one of the jurors to what Mr. Merritt's testimony would have been had he been sworn, and that he had said that had Mr. Merritt been sworn and so testified, the verdict would have been in favor of appellant. This, and also the allegation that the same juror had said that the fact that appellant objected to the testimony of a certain Mrs. Rheimer, who had been called in rebuttal, had influenced its verdict, is denied by the juror. We think the showing is insufficient to warrant a new trial. Verdicts would hang by a slender thread if they could be thus impeached.

Neither do we think there is any showing warranting a new trial because of the failure of Mr. Merritt to testify. On Monday, the 1st day of the trial, he discovered his desire and purpose to go into the state of Montana, expecting to return so as to be able to testify on the following Wednesday or Thursday. Counsel for respondents were willing that he should be sworn out of the regular order and that his testimony be then taken. The claim agent of the company was also notified, and he in turn brought the fact of Mr.

Merritt's intended departure to the attention of counsel for appellant. Counsel for appellant took the position that he did not desire to put a witness on the stand out of his turn. Mr. Merritt was excused and went his way. He returned on the evening of the day the trial was concluded. Testimony similar to that expected of Mr. Merritt was taken. No application was made for a continuance, although Mr. Merritt's absence was accounted for by the claim agent who was sworn as a witness for that purpose. The showing does not come within any rule allowing a new trial for accident, surprise, or newly discovered evidence.

A verdict for $6,750 was returned. This is alleged to be so excessive as to show passion and prejudice on the part of the jury. Mrs. Mueller suffered an impacted fracture of the hip joint. She was confined to her bed about eight weeks. At the time of the trial she was about on crutches. Her limb will be permanently shortened to the extent of about half an inch. The testimony shows that, in the usual order of things, she should be fairly recovered, except for the slight shortening of the limb, inside of a year. There is nothing to show an especial or continuing loss of service or unusual suffering in the future. She was able to attend to a part of her household duties at the time of the trial. She was past fifty at the time of the accident. The use of her limb will be somewhat impaired. The doctor who treated her says that he thinks that possibly in a year or a year and a half she will have what he terms "a fairly useful limb; that is, one on which she can walk, I think, in time without the use of cane or crutch." We are of the opinion that the sum of $5,000 general damages together with the $250 special damages allowed by the jury is ample to compensate Mrs. Mueller for the injury suffered. Beyond that the law does not undertake to go.

The case will be remanded with directions to the lower court to enter a judgment for $5,250, provided a remission of all in excess of that sum is filed within thirty days after the re-

mittitur goes down; otherwise a new trial will be granted. Appellant will recover costs in this court, and respondents will recover costs in the court below.

RUDKIN, C. J., GOSE, MORRIS, and FULLERTON, JJ., concur.