[No. 11036. Department Two. August 30, 1913.]

GOTTFRIED MIGGE et al., Respondents, v. NORTHERN PACIFIC RAILWAY COMPANY, Appellant.[1]

CARRIERS—INJURY TO PASSENGERS—ALIGHTING—NEGLIGENCE—QUESTION FOR JURY. In an action by a passenger, injured in alighting from a railway train, the negligence of the railway company is for the jury, where it appears that a footstool for passengers to step upon in alighting was placed upon uneven ground in such a manner as to be unsteady, causing a heavy woman to fall and break her ankle (MORRIS, J., dissenting).

APPEAL—PRESERVATION OF GROUNDS—MOTION FOR NEW TRIAL—NECESSITY. Objection to a verdict as excessive cannot be raised in the supreme court in the absence of a motion for a new trial on that ground.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered August 8, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger alighting from a railway train. Affirmed.

[1]Reported in 134 Pac. 815.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for appellant.

*Forney & Ponder,* for respondents.

MAIN, J.—The purpose of this action is to recover damages for personal injuries alleged to have resulted from the negligence of the defendant.

The plaintiffs, Gottfried Migge and Anna Migge, are husband and wife. The defendant, Northern Pacific Railway Company, is a corporation, and a common carrier of freight and passengers for hire in the state of Washington, and for that purpose is operating a line of railroad from Tacoma, Washington, to Chehalis, Washington, and thence to Portland, Oregon.

On March 30, 1911, the plaintiffs, together with their four grown children, became regular passengers on the said line of railway from Tacoma to Chehalis, arriving at the latter point, their destination, about noon on the above mentioned date. At this station, there are two tracks on the same side of the depot, the one nearest thereto being used for trains going toward Tacoma, and the one furthest therefrom accommodating trains traveling towards Portland. On the day of the accident, the train on which plaintiffs were riding was on the outer track and stopped at a point just before reaching the depot, the front end of the train being about even with the depot. At the point where the train stopped, there was no platform. When the train stopped, the brakeman placed on the ground below the car step, at the front end of the car from which plaintiff Anna Migge alighted, a stool of the size ordinarily used by railroads for such purposes, about eight or ten inches square at the top, with square corners. Passengers alighting from the car descended the car steps, stepped on the stool, and thence to the ground. The ground at and near where the stool was placed had the appearance of having been worked over in making repairs, the ground being loose and uneven, with small stones or gravel lying

around. There were also some chunks of wood lying about. Mrs. Migge's son, Fred, preceded his mother in getting off the car, and stepped on the stool in so doing. He testified that the stool was not firm when he stepped upon it. Several passengers had alighted from the car ahead of Mrs. Migge without accident. Mrs. Migge, in describing how the accident occurred, used the following language:

"When I came out of the car to get down, I stepped on the foot stool with my right foot and it rocked or toppled like, and on account of the foot stool tipping I was scared that I would fall on my face and I threw myself back and put my other foot on it to keep it from wiggling back and forth. I wanted to get off so bad I put my foot on the ground and the foot stool kinder pitched me over and to the left, and my foot slipped off, and it turned sideways striking my foot. I slid on down the best I could and tried to get away. . . ."

The result was that the weight of the body was thrown on her left foot, causing a fracture of the third and fourth metatarsal bones, and causing an enlargement of the internal sesamoid bone of the big toe. At the time of the accident and prior thereto, Mrs. Migge had been a strong, healthy woman, weighing about 250 pounds. After the accident, the injured foot became swollen and painful, which caused suffering and nervousness, since which time she has been able to do but little work. The evidence of the physician who attended her was to the effect that the injury was permanent.

The cause was tried to the court and a jury. At the close of the plaintiffs' case, the defendant rested without introducing any evidence, and thereupon challenged the legal sufficiency of the evidence and moved the court for a directed verdict. This motion was denied. The jury returned a verdict in the sum of $1,816.50, upon which judgment was entered. No motion for a new trial was interposed. The defendant appeals.

The first question here presented is whether the evidence is sufficient to make a *prima facie* showing of negligence and thereby raise a question of fact for the jury to pass upon.

It is argued that the appellant's challenge to the legal sufficiency of the evidence was well grounded, for the reason that there was no substantial evidence which would show negligence on the part of the appellant, its servants or employees. This contention cannot be sustained. Under the facts above stated, it was a question for the jury to determine whether the appellant was guilty of negligence which was the proximate cause of the injury complained of, by its failure to exercise the proper degree of care in furnishing to the passengers a reasonably safe means of alighting from the train. If the evidence is to be believed, and we must accept it as correctly presenting the facts and circumstances of the accident, the footstool was placed upon rough and uneven ground in such a manner as to be insecure and unsteady when stepped upon. So placing the stool would not be the exercise of an adequate degree of care in furnishing the passengers a reasonably safe means of alighting.

It is also assigned as error that the verdict is excessive. But in the absence of a motion for a new trial, this question is not open to the appellant upon this appeal. A point relied upon as error here must have been called to the attention of the trial court in some manner and at the proper time. *Jones v. Jenkins*, 3 Wash. 17, 27 Pac. 1022; *Tingley v. Fairhaven Land Co.*, 9 Wash. 34, 36 Pac. 1098; *Tacoma Grocery Co. v. Barlow*, 12 Wash. 21, 40 Pac. 380; *Weber v. Snohomish Shingle Co.*, 37 Wash. 576, 79 Pac. 1126. Obviously the question as to whether the verdict is excessive can only be called to the attention of the trial court by motion for new trial.

The judgment will be affirmed.

Crow, C. J., Ellis, and Fullerton, JJ., concur.

Morris, J. (dissenting)—I do not think there is any evidence to sustain the verdict upon the theory that the stool was insecurely or improperly placed upon the ground. Other passengers made the descent in safety. That Mrs. Migge did

not do so is clearly due to her weight and the insecurity of the manner in which she stepped upon the stool. I therefore dissent. I concur in the second holding that, for the reason there stated, the excessiveness of the verdict cannot be here raised.