[No. 18967.   Department Two.   March 6, 1925.]

AGNES M. FLEMING, *Respondent*, v. RED TOP CAB COM-
PANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (380, 381, 389)—USE OF STREETS—AUTO-
MOBILES—NEGLIGENCE—EVIDENCE—SUFFICIENCY. A judgment for per-
sonal injuries through an automobile collision at a street inter-
section is sustained where defendant was exceeding the speed limit,
and entered the intersection without exercising due care.

TORTS (4)—JOINT TORT FEASORS—JOINT AND SEVERAL LIABILITY.
One of two joint tort feasors cannot complain that the other is not
held.

CARRIERS (70, 89)—INJURY TO PASSENGERS—DEGREE OF CARE—IN-
STRUCTIONS. In an action for personal injuries to a passenger, an
instruction that the carrier is liable for the slightest negligence is
not prejudicial error, when taken in connection with other instruc-
tions on the subject of highest degree of care.

APPEAL (464)—REVIEW—HARMLESS ERROR—INSTRUCTIONS. A tech-
nical error in refusing an instruction is not ground for reversal
where the record does not show that the failure to give it could have
resulted in any prejudice.

APPEAL (160)—PRESERVATION OF GROUNDS—MOTION FOR NEW TRIAL
—NECESSITY. Objection to a verdict as excessive cannot be raised in
the supreme court in the absence of a motion for a new trial on
that ground.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered June 27, 1924, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for personal injuries sustained in an auto-
mobile collision. Affirmed.

*Van Dyke & Thomas,* for appellant.

*Newman H. Clark* (*L. C. Stevenson,* of counsel), for
respondent.

MACKINTOSH, J.—The jury in this case returned a
verdict for the respondent in an action for personal

[1]Reported in 233 Pac. 639.

injuries brought against the appellant, which is the owner and operator of taxicabs, in one of which the respondent was a passenger, and Whiton Hardware Company, the owner and operator of a truck which came into collision with the car in one of the street intersections in the city of Seattle. Upon the trial, the hardware company was dismissed from the action, and the taxicab company has appealed. Four principal errors have been assigned:

(1) That the court should have dismissed the action for failure of the respondent to introduce sufficient evidence to establish the appellant's negligence.

A reading of the record shows that the collision occurred at a street intersection where the appellant was required to drive at a rate of not over twelve miles an hour, and that the car at the time was going at least sixteen miles an hour. It also shows that the driver's vision was so obscured as he approached the intersection that the jury had a right to say that he was negligent in attempting to cross the intersection without exercising more care than the jury was warranted in finding that he did exercise. The fact that the truck may also have been at fault could not relieve the appellant of its liability, for the respondent is entitled to a verdict against one of the tort feasors, and the one held responsible cannot complain that his joint tort feasor is not also held. *Nelson v. Bromley*, 55 Wash. 256, 104 Pac. 251; *Thoresen v. St. Paul & Tacoma Lumber Co.*, 73 Wash. 99, 131 Pac. 645, 132 Pac. 860.

(2) Exception is taken to an instruction by the court, a part of which is as follows: "and the defendant Red Top Cab Company is liable for the slightest negligence in its operation." It is to be borne in mind that the respondent was a passenger to whom, under the law, the carrier owed the highest degree of care,

and while the portion of the instruction quoted has been criticized by some courts, yet it has been held by us to be a proper statement of the law, and when taken in conjunction with the full instruction of the court on the subject it cannot be said to be erroneous. In *Jordan v. Seattle, Renton & Southern R. Co.*, 47 Wash. 503, 92 Pac. 284, we approved the following instruction:

" 'The jury are instructed that the defendant, at the time of the alleged accident, was the owner of and was operating an electric railway for the purpose of transporting passengers for hire, and was bound to exercise the highest degree of care, skill and diligence practicable consistent with the operation of said electric railway and the cars used in the operation thereof, and taking into consideration the circumstances and conditions existing at the time and place in question, in order to prevent and avoid injury to the plaintiff, if you find plaintiff was a passenger on the car of said company, as alleged in his amended complaint, and the defendant is liable for the slightest negligence in said operation; and I further instruct you that the negligence of the agents, servants and employees in charge of the operation of the cars on the electric road of defendant is, in law, the negligence of the defendant, for which the defendant would be, and is, liable.' "

See, also, *Foster v. Seattle Electric Co.*, 35 Wash. 177, 76 Pac. 995, and *Mueller v. Washington Water Power Co.*, 56 Wash. 556, 106 Pac. 476.

(3) A request was made for an instruction to the effect that a statement in the respondent's complaint, while not competent evidence to support the facts alleged in the pleadings, yet might be considered as an admission made by the respondent and as conflicting with her statement while on the witness stand. Assuming that the instruction properly stated the law, yet an examination of the record does not show that the failure to give it could have resulted in any preju-

dice to the appellant, and it being, therefore, at the best merely a technical error, is not such an one as would entitle the appellant to have the judgment reversed.

(4) It is finally asserted that the verdict is excessive, but this is a matter which, under the record as it stands, the appellant cannot raise. The appellant has interposed no motion for a new trial, and in the absence of such a motion, the question of the excessiveness of the verdict is barred from our consideration. This court said, in *Migge v. Northern Pacific R. Co.*, 75 Wash. 197, 134 Pac. 815:

"Objection to a verdict as excessive cannot be raised in the supreme court in the absence of a motion for a new trial on that ground." [Syllabus.]

Finding no error, the judgment is affirmed.

TOLMAN, C. J., MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.