[No. 27556. Department One. November 9, 1939.]

JOE NELSON, *Appellant*, v. OTTO BJELLAND, *Respondent*.[1]

[1]Reported in 95 P. (2d) 784.

*W. H. Sibbald (Wm. P. Lord* and *T. Walter Gillard,* of counsel), for appellant.

*Edgar P. Reid* and *Whittemore & Truscott,* for respondent.

MILLARD, J.—Plaintiff pedestrian brought this action to recover for personal injuries sustained as a result of his impact with an automobile operated by defendant. The cause was tried to a jury, which returned a verdict in favor of the defendant. Plaintiff appealed from the judgment entered on that verdict.

About one a. m., May 16, 1937, a southbound automobile, in which appellant was riding as a guest, collided with a northbound automobile on the Pacific highway a short distance south of the city of Kelso. The sheriff, to whom appellant and one of the automobile operators involved in the collision reported in person in Kelso the details of the accident, returned with those two persons to the scene of the accident and placed warning flares north and south of the place of collision. On direct examination, appellant testified as follows concerning the statements of the sheriff, who assisted in pushing the wrecked automobile off the pavement:

" 'We will just shove this car out of the highway,' and we all took hold of it and just shoved it off. The sheriff said, 'That is good, I will go back to town and send a wrecker. It will only take a few minutes'."

On cross-examination, appellant answered in the negative the question (appellant's objection thereto was overruled) whether the sheriff warned, "You people to get off the highway because it was dangerous?" One of appellant's witnesses testified on cross-examination, in answer to the question (to which appellant objected) whether the sheriff "said to stay off," that "Well, I heard this; who he said it to, I do not

know. He said, 'Don't nobody go out on the highway with a flashlight and try to stop oncoming cars'."

After the departure of the sheriff from the scene of the collision, appellant walked out on the pavement to look at the glass which was scattered on the pavement from the first accident. At this time, both warning flares placed by the sheriff had stopped burning. While appellant was near the middle of the southbound half of the highway, a southbound automobile operated by respondent struck appellant, who insisted that he was signaling with a flashlight to warn traffic to proceed slowly in order to avoid the oil and glass on the highway. There is evidence that appellant could have more effectually, and with safety for himself, signaled traffic if he had stood off the highway, on account of the curve in the highway at that point. On a curve, the lights of approaching cars would have disclosed him, if he stood off the highway, an instant sooner than if he were on the highway. There was sufficient room at that place for appellant to stand off the highway.

■ ■ On the ground that the testimony of the sheriff was opinion evidence and the other testimony was hearsay, counsel for appellant assign as error the overruling of appellant's objection to the above-recited testimony of two of appellant's witnesses on cross-examination and the overruling of his objection to the testimony of the sheriff on respondent's case-in-chief respecting the warning by the sheriff to remain off the highway and to refrain from attempts to control traffic with a flashlight.

The opinion evidence rule and the hearsay evidence rule are not involved. Testimony as to the sheriff's warning to appellant tended to prove appellant's knowledge of conditions, tended to disprove the claim of appellant that he thought it necessary to signal

traffic, and also tended to sustain the contention of respondent, which was supported by other evidence, that appellant was not signaling, as he claimed, but that he was on the highway looking for evidence on which to establish the blame for the collision, or first accident. That is, the warning given by the sheriff to stay off the paved portion of the highway was relevant and material to the question whether appellant had full knowledge of the situation and whether it was necessary for him to signal traffic.

Statements of third parties are admissible to prove mental state, knowledge or intent.

"There are a number of common issues, forming a general class, in proof of which hearsay is so obviously necessary that it is not customary to refer to its admissibility as by virtue of any exception to the general exclusionary rule. Admissibility, in such cases, is as of course. For example, where any mental state or condition is in issue, such as motive, malice, knowledge, intent, assent or dissent, unless direct testimony of the particular person is to be taken as conclusive of his state of mind, the only method of proof available is testimony of others to the acts or statements of such person. Where his acts or statements are against his interest, they are plainly admissible within the rules hereinabove announced as to admissions against interest. And even where not against interest, if they are so closely connected with the event or transaction in issue as to constitute one of the very facts in controversy, they become admissible of necessity.

" 'It does not follow,' says one authority, 'because the writing or words in question are those of a third person, not under oath, that therefore they are to be considered as hearsay. On the contrary, it happens in many cases that the very fact in controversy is whether such things were written or spoken, and not whether they were true; and in other cases such language or statements, whether written or spoken, may be the natural or inseparable concomitants of the principal fact in controversy.'

"On this principle, statements which have been made to a person may be admissible, although apparently hearsay, for the purpose of showing what knowledge or information he had respecting a given subject, when such knowledge or information is material to the issue." 3 Jones Commentaries on Evidence, 2010, 2011, § 1088.

The existence of warning signals is relevant in the trial of actions to recover for injuries sustained in collisions of automobiles and like accidents. It is a pertinent question in deciding negligence, assumption of risk, and contributory negligence, whether a person seeking to recover for injuries was warned as was the appellant in the case at bar.

"The circumstance that the party made a given statement to someone or that someone made a given statement to him may be a very enlightening fact as to what the person in question knew. As before, the rule against hearsay plays no part." Chamberlayne's Hand Book on Evidence, 657, § 844.

In *Chicago Great Western R. Co. v. Price*, 97 Fed. 423, it was held that, in the determination whether an explosion of gasoline which caused the death of a railroad conductor was caused by the conductor's lantern or otherwise, testimony of an engineer that he warned the conductor of the danger of approaching the flowing liquid with a lantern, was admissible.

In *Mueller v. Washington Water Power Co.*, 56 Wash. 556, 106 Pac. 476, it was held that evidence that the conductor and passengers on a street car platform warned the plaintiff, who was attempting to get off the car while it was in motion, of the danger of so doing, was admissible. See, also, *Hatzakorzian v. Rucker-Fuller Desk Co.*, 197 Cal. 82, 239 Pac. 709, 41 A. L. R. 1027, where it was held that testimony of a companion to the effect that the deceased, while walking along the highway, continually warned his com-

panion to keep off the highway, was relevant and competent as tending to show that the deceased realized the perils.

The testimony of which appellant complains is not within the ban of the opinion evidence rule or the hearsay evidence rule. This is not a case of testimony that, in the opinion of the witness, the appellant was negligent in remaining on the pavement. The cases cited by appellant are inapposite. In each, the challenged declarations constituted expressions of opinion. Clearly, *Beck v. Dye,* 200 Wash. 1, 92 P. (2d) 1113, is not in point. We held in that case that the trial court erred in admitting the testimony of an officer, who did not witness the accident, that he was attracted to the scene shortly after the accident and, with the assistance of the defendant, lifted the injured woman into an automobile and accompanied her to a hospital; that, while at the scene of the accident and in the presence of defendant, some persons unknown stated that the appellant "went through the red light." In the case at bar, the declaration of the sheriff was antecedent in point of time to the main fact—impact of respondent's automobile with appellant—but it falls within the rule which admits in evidence such declarations if they are preliminary to the main fact (22 C. J. 450, 453) and was also admissible for the reason heretofore given.

As evidence of the sheriff's statements was admissible, the contention that mention of the statements in respondent's opening statement to the jury constituted prejudicial error, is without merit.

The judgment is affirmed.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ, concur.