[No. 32034.  Department Two.  November 28, 1952.]

THE STATE OF WASHINGTON, *Respondent,* v. WEAVER O. (WILLIAM) DAVIS, *Appellant.*[1]

[1]Reported in 250 P. (2d) 548.

*J. W. Kindall, Lester C. Voris, J. S. Kurtz,* and *R. F. Atwood,* for appellant.

*Tom A. Durham* and *Jack Rowles,* for respondent.

HAMLEY, J.—Weaver O. Davis was charged with the crimes of assault in the second degree and carrying a concealed weapon without a license. The trial resulted in a verdict of guilty on both counts. From the judgment entered upon the verdict, defendant appeals.

The first three assignments of error, relating to asserted comments upon the evidence by the trial judge, in violation of Art. IV, § 16, of the state constitution, read as follows:

"1. Trial Court erred when, upon questioning appellant, the Court asked leading and suggestive questions calculated to discredit appellant in the eyes of the jury.

"2. Trial Court erred in asking leading questions of appellant in such a way as to convey to the jury the Court's opinion of what the evidence tended to show.

"3. Trial Court erred in asking leading questions of appellant in such a way as to constitute a comment on the evidence."

The record indicates that counsel for appellant (who were not counsel representing appellant on this appeal) made no objection to the asserted comments at the time they were made. No motion for a new trial was filed and there was therefore no assignment of error directed to the failure to grant such a motion. Respondent argues that, having failed to call these asserted errors to the attention of the trial judge by means of a motion for a new trial, appellant may not now obtain a review of this question.

Appellant urges, in reply, that the only possible ground for a new trial which could have been invoked is that set out in Rem. Rev. Stat., § 2181 (5) (RCW 10.67.020 (5)), *i.e.,* "Error of law occurring at the trial and excepted to by the defendant"; that the particular kind of error here in question is not of a kind which required that objections be made at the time the comments on the evidence took place; and that since no objection was taken or needed to be taken, the one possible ground for asking for a new trial was in this case unavailable.

■ Appellant is correct in saying that where the error relied upon is an asserted comment on the evidence by the trial judge, it is not necessary for the aggrieved party to make an objection in order to reserve the question for appellate review. *State v. Crotts,* 22 Wash. 245, 60 Pac. 403; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470; *Eckhart v. Peterson,* 94 Wash. 379, 162 Pac. 551. Contrary views, expressed in *Halverson v. Seattle Electric Co.,* 35 Wash. 600, 77 Pac. 1058; *Manhattan Bldg. Co. v. Seattle,* 52 Wash. 226, 100 Pac. 330, and *Dennis v. McArthur,* 23 Wn. (2d) 33, 158 P. (2d) 644, should be disregarded as *dictum,* inasmuch as in all of those cases we held that there had been no comment on the evidence.

The reason why an aggrieved party in such instances is excused from making an objection to the alleged misconduct, is that to do so in the presence of the jury would itself tend to prejudice such party in the eyes of the jury, and thus defeat the very object for which the objection is ordinarily made. *State v. Crotts, supra.*

We do not agree with appellant, however, that the fact that he was excused from making an objection at the time the incident arose, also excused him from raising the question on a motion for a new trial.

■ The office of the motion for a new trial is to give the trial court an opportunity to pass upon questions not before submitted for its ruling. *Dubcich v. Grand Lodge A.O.U.W.,* 33 Wash. 651, 74 Pac. 832. Hence, those errors which could only have been raised on motion for new trial will not be considered on appeal, if not raised by this motion. *Harris v. Van De Vanter,* 17 Wash. 489, 50 Pac. 50; *Migge v. Northern Pac. R. Co.,* 75 Wash. 197, 134 Pac. 815; *Fleming v. Red Top Cab Co.,* 133 Wash. 338, 233 Pac. 639.

■ This is but a corollary to the rule that questions which are not raised in any manner before the lower court will not be considered on appeal. *In re Corneliusen's Estate,* 182 Wash. 488, 47 P. (2d) 843; *Unemployment Compensation Dept. v. Hunt,* 17 Wn. (2d) 228, 135 P. (2d) 89. For examples of the application of this rule where a constitutional

question was presented, see *North River Boom Co. v. Smith,* 15 Wash. 138, 45 Pac. 750; *Unemployment Compensation Dept. v. Hunt, supra; State ex rel. Jones v. Byers,* 24 Wn. (2d) 730, 167 P. (2d) 464; *State ex rel. York v. Board of County Commissioners,* 28 Wn. (2d) 891, 184 P. (2d) 577, 172 A. L. R. 1001. An exception is made, of course, where the objection is that the superior court had no jurisdiction of the cause, or that the complaint does not state sufficient facts to constitute a cause of action. Rule on Appeal 43, as amended, 34A Wn. (2d) 47, and pocket part.

Taking cognizance of the reasons behind the rule referred to above, it follows, we believe, that, although appellant would have been privileged to raise the question by an objection made during the trial, since he was not required to do so and did not do so, it was his duty to present the question by way of a motion for a new trial.

■ Appellant's contention that there is no specified ground for a new trial applicable to this kind of error where no objection has been made, is without merit. He is relying upon Rem. Rev. Stat., § 2181 (RCW 10.67.020), which sets out six grounds for such a motion in criminal actions. This statute and Rem. Rev. Stat. (Sup.), § 399 (RCW 4.76.020), relating to motions for new trial in civil actions, have been superseded by the amendment, effective January 2, 1951, of Superior Court Rule 16, 34A Wn. (2d) 117. *Mulka v. Keyes, ante* p. 427, 249 P. (2d) 972. Rule 16, as amended, specifies nine grounds for a motion for new trial, applicable in both civil and criminal actions.

One of the grounds specified in Rule 16, and not contained in Rem. Rev. Stat., § 2181, is contained in paragraph (1) of this rule, reading as follows:

"1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial."

This is an appropriate ground for a motion for new trial raising the question of whether the trial judge's participation in the examination of witnesses constitutes a comment

on the evidence and has deprived appellant of a fair trial. Having failed to move for a new trial, appellant may not obtain a review of the question in this court.

The remaining assignments of error pertain to an offer of proof involving two witnesses, Mrs. Wickwire and Mrs. Braithwaite. It is appellant's contention that the trial court erred in refusing the offer of proof and, in connection with the offer, interrogating one of the witnesses without putting her under oath.

The record indicates that, as to Mrs. Braithwaite, counsel for appellant voluntarily withdrew his offer of proof. The record further indicates that counsel had never discussed the case with the other witness, Mrs. Wickwire, and was therefore unable to make a definite offer of proof as to what her testimony would be.

In order to resolve the uncertainty, the trial judge, in the absence of the jury, called Mrs. Wickwire to the front of the court room and ascertained from her that she could give no testimony on the subject. Counsel for appellant then stated that this was not "in line" with what he had previously heard. However, he made no offer to prove that the witness had stated otherwise at another time and place. As the jury was being called back, counsel for appellant closed the incident by asking that "the record show that an exception is entered to each and every one of the court's rulings."

The objection was not sufficiently specific to preserve any question for our consideration. Overlooking this, however, it is our opinion that the trial court was, under the circumstances, entirely warranted in attempting to clarify the offer of proof in the manner described. In any event, the incident having taken place in the absence of the jury, the witness having indicated that she could not testify on the subject, and counsel for appellant having made no claim that the witness had changed her story, appellant was in

no sense prejudiced by what was done. These assignments of error are therefore without merit.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, FINLEY, and OLSON, JJ., concur.

January 23, 1953. Petition for rehearing denied.

