[No. 36517.    Department Two.    November 1, 1962.]

THE STATE OF WASHINGTON, *on the Relation of Dorothy G. Patchett, Relator,* v. THE SUPERIOR COURT FOR FRANKLIN COUNTY, *James J. Lawless, Judge, Respondent.**

*Reported in 375 P. (2d) 747.

*Peterson, Taylor & Day,* for relator.

*Loney, Westland & Koontz* and *Philip M. Raekes,* for respondent.

HUNTER, J.—This is a review by certiorari of an order entered by the Franklin County Superior Court, denying relator's petition to reopen probate in the estate of Herschel W. Kirby.

On February 10, 1961, relator's mother, Neva Burghduff, and Kirby were killed in a two car head-on collision in Walla Walla County. On April 10, 1961, letters of administration were issued to the relator in the estate of Neva Burghduff.

On March 3, 1961, and once each week for a period of three successive weeks, the administratrix of the Kirby estate published her notice to creditors. On April 21, 1961, she filed a petition for award in lieu of homestead, and on May 9, 1961, the entire property of the Kirby estate was set aside. The set aside order also contained the following provision:

"IT IS FURTHER ORDERED, there being no other or further necessity for proceedings herein, that this estate be and the same hereby is declared closed and the Administratrix herein, Ella V. Kirby, be and she is hereby discharged from all other and further obligations or duties as such."

Relator was not aware of the administration of the Kirby estate.

On November 10, 1961, more than six months after the notice to creditors had been first published, relator filed a petition to reopen probate in the Kirby estate in order to

serve and file a wrongful death claim. The basis for relator's petition was that the set aside order, containing the language quoted above, had closed the estate and discharged the administratrix, and, therefore, had created a vacancy in the administration under RCW 11.40.090, which tolled the statute of nonclaim.

The trial court denied the relator's petition, ruling that the set aside order closing the estate and discharging the administratrix was invalid, under authority of *Stell Co. v. Smith*, 16 Wn. (2d) 388, 133 P. (2d) 811 (1943), because the statutory procedure had not been followed; that no vacancy in the administration had occurred and, therefore, the six-month filing period had run against the relator. Thereafter, the relator's application for review by writ of certiorari was granted.

The decisive issue raised by the relator is whether the administratrix of the Kirby estate was discharged by the set aside order of May 9, 1961.

In the *Stell Co. v. Smith* case, *supra,* the executrix was discharged in a set aside order, as in the instant case. We there said:

"The executrix was discharged and the estate closed without a final settlement or order of court approving such final settlement.

" . . .

" . . . That order [the set aside order], it is true, was final within its limited field of setting aside property to the widow in lieu of homestead, but it is not a valid order approving the executrix's final report and petition for distribution and discharge of the executrix and surety from further responsibility in the estate, as there was an utter disregard of the statutory procedure prerequisite to the validity of such an order. . . ."

An examination of the *Stell Co. v. Smith* case discloses that the issue before us was solely a determination of whether there was a valid closing of the estate by the set aside order. However, the reasoning applies to the determination of the issue, as is now before us, of whether there was a valid discharge of a personal representative.

■ We are aware of the distinction between the jurisdiction of a court to discharge a personal representative during the course of administration as opposed to discharge at the time of final settlement. The probate court under RCW 11.28.160 has the jurisdiction to discharge a personal representative for any cause it deems sufficient during the course of administration, whereas jurisdiction for discharge of a personal representative at the time of final settlement of the estate is exclusively under RCW Chapter 11.76.

■ In the instant case the trial court stated, in its memorandum opinion, that the discharge of the administratrix was not a removal for cause. Moreover, it is clear from the language of the set aside order that this was not a removal for cause but for a discharge, at the time of final settlement, which brings the probate court under the exclusive procedure provided for in RCW Chapter 11.76. As we stated in *Stell Co. v. Smith, supra,* there has been an utter disregard of the statutory procedure for the final settlement of the estate and the discharge of the personal representative. In the instant case the statute has been disregarded in the failure of the administratrix (1) to file a final report and petition for distribution; (2) to publish notice of hearing commencing 25 days prior to the day to be fixed therefor; (3) to mail notice of such hearing to the heirs or devisees as required by statute, as well as failure to comply in other particulars. RCW Chapter 11.76, *supra.* The probate court acted outside its jurisdiction in failing to comply with the statutory procedure. *Grady v. Dashiell,* 24 Wn. (2d) 272, 163 P. (2d) 922 (1945); *In re Hoscheid's Estate,* 78 Wash. 309, 139 Pac. 61 (1914). The law is well settled that an order entered without jurisdiction is void. *Grady v. Dashiell, supra; France v. Freeze,* 4 Wn. (2d) 120, 102 P. (2d) 687 (1940). The void order created no vacancy; therefore, the statute of nonclaim is not tolled.

The relator further contends, however, that the administratrix is estopped to raise any objection to the lack of timeliness of the claim. It is argued that, during the period in question, the relator and the liability insurance company,

which would be liable if the relator's claim for wrongful death were allowed, were working toward a settlement; that it was not a question of liability, but a matter of confirming the amount to be paid to relator, which kept the matter from being settled; that the insurance company should not be allowed to benefit from this delay by now challenging the validity of the claim.

We see no merit in this contention. The insurance company is liable only if the estate is liable. RCW 11.40-.010, the statute of nonclaim, is mandatory and a personal representative may not be estopped to deny the validity of a claim on any ground. *New York Merchandise Co. v. Stout,* 43 Wn. (2d) 825, 264 P. (2d) 863 (1953); *Parchen v. Hauschild,* 159 Wash. 49, 292 Pac. 116 (1930); *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, 41 A. L. R. 163 (1925); *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784 (1920); *First Sec. & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13 (1919).

The order denying the petition is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.

January 2, 1963. Petition for rehearing denied.