[No. 8628–6–I. Division One. July 27, 1981.]

CHARLOTTE TURNER, *Appellant,* v. THE ESTATE OF LO SHEE PANG, ET AL, *Respondents.*

---

*Phil Mahoney,* for appellant.

*Carney, Stephenson, Siqueland, Badley, Smith & Mueller* and *Richard J. Padden,* for respondents.

CALLOW, J.—Charlotte Turner appeals from a summary judgment dismissing her negligence action against the estate of Lo Shee Pang for injuries suffered on October 21, 1976 in Pang's apartment building. We affirm.

A notice to Pang's creditors was published on October 18, 1977, following his death the previous summer. The plaintiff Turner's complaint was dismissed because she did not

file her claim by the April 1979 deadline. Her complaint was filed within the 3–year limitations period for personal injury actions as fixed by RCW 4.16.080. However, persons having claims against a deceased that are covered by liability or casualty insurance must file their claim within 18 months after the first notice to creditors is published. RCW 11.40.011.

The plaintiff argues on appeal that the application of the probate nonclaim statute to bar her claim constitutes a denial of equal protection. *See* U.S. Const. amend. 14, § 1; Const. art. 1, § 12. Tort victims of living defendants have 3 years to file a complaint after a cause of action accrues, but tort victims of deceased defendants covered by insurance have only 18 months in which to file a claim after a notice to creditors is published.

## I

### NONCLAIM STATUTES

Before the enactment of RCW 11.40.011 in 1967, RCW 11.40.010 provided a 4–month nonclaim period for all claims against an estate, including claims covered by insurance. RCW 11.40.010 is mandatory, not subject to enlargement by interpretation, and cannot be waived. *Ruth v. Dight,* 75 Wn.2d 660, 669, 453 P.2d 631 (1969); *New York Merchandise Co. v. Stout,* 43 Wn.2d 825, 827, 264 P.2d 863 (1953). Compliance with its requirements is essential for recovery. *Messer v. Estate of Shannon,* 65 Wn.2d 414, 415, 397 P.2d 846 (1964). *Davis v. Shepard,* 135 Wash. 124, 237 P. 21, 41 A.L.R. 163 (1925) stated:

> Many courts have said that the non–claim statute is one to be more strictly enforced than general statutes of limitation, its object being to obtain early and final settlement of estates so that those entitled may receive the property free from incumbrances and charges which might lead to long litigation. . . . An examination of the provision discloses that each step taken has been in the direction of making the compliance with the statute more and more mandatory, and the foreclosing of the assertion of claims after the statutory period more and more absolute. . . . Hardship is bound to result in some

instances whichever rule is followed, but in the long run it would seem that a strict compliance with the statute with no estoppel against its use as a bar is the more safe and sensible rule. . . .

In the final analysis, we must hold that [the nonclaim statute] is a statute applying to the settlement of estates and supersedes all other statutes of limitation, and applies to every kind and character of claim against an executor and administrator . . .

*Davis v. Shepard*, at 131–32.

If a claim is not barred by the statute of limitations upon the debtor's death, the nonclaim statute may either extend or diminish the otherwise applicable limitation period. *See, e.g., Morrison v. Hulbert*, 44 Wn.2d 171, 266 P.2d 338 (1954). In 1967, the legislature granted an exception to the 4–month nonclaim period. RCW 11.40.011 extends from 4 to 18 months the nonclaim period for claims covered by liability or casualty insurance. *Belancsik v. Overlake Memorial Hosp.*, 80 Wn.2d 111, 492 P.2d 219 (1971), held that the new statute did not violate equal protection and that reasonable grounds exist for distinguishing between estates that are covered by liability insurance and estates that are not. The decision stated:

Claims subject to RCW 11.40.011, by virtue of the fact that they are satisfied [only] from insurance proceeds, in no way affect the interests of the heirs and beneficiaries and present no obstacle to an orderly and efficient administration of the estate, as do those claims subject to RCW 11.40.010 [the 4–month nonclaim statute].

*Belancsik*, at 115.

## II

### EQUAL PROTECTION

■ The plaintiff does not contend that she is a member of a suspect class or that she has a fundamental right to maintain her negligence action after the expiration of the nonclaim period. Accordingly, we examine the legislature's decision to limit the time in which one may bring an action against an estate covered by insurance pursuant to the criteria of *Yakima County Deputy Sheriff's Ass'n v. Board of*

*Comm'rs,* 92 Wn.2d 831, 834, 601 P.2d 936 (1979).

*Yakima County Deputy Sheriff's Ass'n* sets forth three steps to measure the constitutionality of a legislative classification with minimal scrutiny.

> First, does the classification apply alike to all members within the designated class? . . .
>
> Second, does some basis in reality exist for reasonably distinguishing between those within and without the designated class? More specifically, do reasonable grounds exist to support the classification's distinction between those within and without the class? . . . The legislature's discretion in making classes is wide and, when a statutory classification is challenged, facts are presumed sufficient to justify it. . . . The burden is on the challenger to prove that the classification does not rest on a reasonable basis. . . .
>
> Third, does the challenged classification have any rational relation to the purposes of the challenged statute? . . . More specifically, does the difference in treatment between those within and without the designated class serve the purposes intended by the legislation? . . . The challenger must do more than merely question the wisdom and expediency of the statute. . . . The challenger must show conclusively that the classification is contrary to the legislation's purposes.

(Citations omitted.) *Yakima County Deputy Sheriff's Ass'n,* at 835–36.

The plaintiff belongs to the class of tort victims with a claim against an estate that is covered by liability or casualty insurance, a part of the class of all persons having a claim against an estate. The 18–month nonclaim period in RCW 11.40.011 applies evenly to all persons in the plaintiff's class, thus satisfying the test's first step.

The second step requires that reasonable grounds exist for distinguishing between those within and without the class, that is, between tort victims of deceased defendants covered by insurance and tort victims of living defendants. The plaintiff argues that the policy behind the 4–month nonclaim statute, protection of heirs and beneficiaries, does not apply to the 18–month nonclaim period because any

allowed claim is satisfied exclusively from insurance proceeds. Therefore, she argues, no reasonable grounds exist for requiring her to bring her action within 18 months after the defendant's death instead of within 3 years after the cause of action accrues. RCW 11.40.011 also provides that claims covered by insurance

> shall not constitute a cloud or lien upon the title to the assets of the estate under probate nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate . . .

■ Protection of the heirs and beneficiaries, however, is but one policy behind the nonclaim statutes. Distribution of estate assets is not directly affected by claims covered by insurance, but the estate is nevertheless compelled to defend any action brought against it. *Ruth v. Dight, supra* at 664–65, stated:

> There is nothing inherently unjust about a statute of limitations. Limitations on the time in which one may sue also limit the time in which another may be sued. If one cannot bring an action, by the same token he cannot compel another to defend it. . . .
>
> . . .
> While it has been a long cherished ambition of the common law to provide a legal remedy for every genuine wrong, it is also a traditional view that compelling one to answer stale claims in the courts is in itself a substantial wrong. After all, when an adult person has a justiciable grievance, he usually knows it and the law affords him ample opportunity to assert it in the courts. Consequently, as a matter of basic justice, the courts usually have a cogent reason to give limitation statutes a literal and rigid reading . . . [1]

Allowing suits to be brought within 18 months after a notice to creditors is published works a hardship on those who must defend a decedent's conduct in court. Extending the nonclaim period to the larger applicable limitations

---

[1]The effect of *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969), was altered by the adoption of RCW 4.16.350 in 1971 as explained by *Teeter v. Lawson,* 25 Wn. App. 560, 610 P.2d 925 (1980). *Ruth v. Dight* still stands for the propositions for which it is cited.

span for a given cause of action would only increase the difficulty. Such an extension would reintroduce the uncertainty as to when the cause of action arose and the duration of the applicable limitations period would vary with each claim. Under the present statutory scheme, the nonclaim period may either extend or diminish the otherwise applicable limitation period for claims not barred at death, but in no case may an action be maintained after the 18 months has run. The plaintiff's arguments do not overcome the strong presumption that a legislative classification rests on a reasonable basis.

The third and final step in the equal protection analysis asks whether the challenged classification has any rational relation to the purpose of the challenged statute. "The challenger must show conclusively that the classification is contrary to the legislation's purposes." *Yakima County Deputy Sheriff's Ass'n*, at 836. The parties do not dispute that the 18-month nonclaim period reasonably promotes the swift settlement of claims against an estate and relieves the estate of the hardship inherent in defending a decedent's actions in court long after his death.

The judgment is affirmed.

JAMES, C.J., and ANDERSEN, J., concur.

Reconsideration denied August 27, 1981.

Review denied by Supreme Court November 6, 1981.