[No. 9411–4–I.   Division One.   June 6, 1983.]

EUGENE R. HANKS, *Appellant,* v. GLENN R. NELSON, *as Administrator, Respondent.*

*Chas. H. W. Talbot,* for appellant.

*Helsell, Fetterman, Martin, Todd & Hokanson, Linda Cochran, Fredrick Huebner,* and *Donald Harrison,* for respondent.

DURHAM, A.C.J.—Eugene R. Hanks appeals an order of summary judgment dismissing his action against Rama Tripp's estate for personal injuries sustained in an automobile accident.

On March 4, 1978, Hanks was injured when a car, driven by Tripp, collided with Hanks' truck. Farmers Insurance Group (Farmers) insured both individuals. Initially, however, it appeared that Farmers had canceled Tripp's coverage. Hanks began negotiations with Farmers under his own coverage.

On May 10, 1978, Tripp died. The appointed personal representative published a notice to creditors in the West Seattle Herald commencing June 14, 1978 and filed a copy of the notice, showing the date of publication, in the probate file. No affidavit of publication was filed until May 1980. Probate was completed in 10 months, the estate closed April 23, 1979, and the appointment of the personal representative lapsed.

Meanwhile, in late September 1978, Farmers notified Hanks that Tripp had insurance. Hanks continued negotiating settlement of his claim, under both Tripp's insurance and his own. In February 1979, Hanks' attorney was notified of Tripp's death. Hanks did not file any claims with Tripp's estate before December 14, 1979, the expiration date of the 18–month period provided under RCW 11.40-.011 for claims against decedent's insurers. In early 1980,

Hanks rejected Farmers' settlement offer.

On April 30, 1980, Hanks petitioned for a successor personal representative under RCW 11.40.011. The same day, the court appointed respondent, Glenn R. Nelson. Hanks presented his claim to the estate on May 2, 1980; Nelson rejected it. Hanks then filed this action on July 21, 1980. The trial court granted summary judgment in favor of the estate because Hanks failed to file his claim within the 18–month nonclaim period.

The first question on appeal is if RCW 11.40.090 tolls the nonclaim statute, RCW 11.40.011, when an estate closes before the 18–month period elapses. We conclude that it does not.

RCW 11.40.011 provides a very specific scheme for claims against decedents' insurers:

> The four–month time limitation for serving and filing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased and/or the marital community of which the deceased was a member and such claims may at any time within eighteen months after the date of the first publication of notice to creditors be:
> (1) Served on the personal representative, or the attorney for the estate; or
> (2) If the personal representative shall have been discharged, then the claimant as a creditor may cause a new personal representative to be appointed and the estate to be reopened in which case service may be had upon the new personal representative or his attorney of record.
> Claims may be served and filed as herein provided, notwithstanding the conclusion of any probate proceedings: *Provided,* That the amount of recovery under such claims shall not exceed the amount of applicable insurance coverages and proceeds: *And provided further,* That such claims so served and filed shall not constitute a cloud or lien upon the title to the assets of the estate under probate nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate subject to such probate.

RCW 11.40.090 tolls the nonclaim statute during a vacancy of administration of an estate: "The time during

which there shall be a vacancy in the administration shall not be included in any limitations herein prescribed."

Hanks urges application of the tolling provision to the nonclaim statute in instances where the estate closes and the appointment of a personal representative lapses. He argues that if section .090 does *not* toll the 18–month period of the nonclaim statute, then a successor personal representative could effectively defeat a claim by failing to qualify within the 18 months.

Under the nonclaim statute, RCW 11.40.011, one of two steps must be taken within 18 months of publication of the notice to creditors. Either the creditor must file his claim with the estate or, if there is no personal representative because the estate is closed, he must petition for a successor personal representative.

■■ The 18–month limit for petitioning to reopen an estate under RCW 11.40.011, however, would be superfluous if closing the estate tolls the period under RCW 11.40-.090 as Hanks claims. In construing statutes our primary objective is to effectuate legislative intent, ascertained from the statutory context as a whole. The basic rule of statutory construction is that whenever possible, statutes should be construed so that no portion is superfluous. *Gross v. Lynnwood,* 90 Wn.2d 395, 398–99, 583 P.2d 1197, 96 A.L.R.3d 187 (1978). Furthermore, application of the tolling statute would allow the claimant to wait interminably before petitioning to reopen the estate. Thus, Hanks' interpretation would frustrate the expeditious probate of estates and require courts to hold estates open for a minimum of 18 months to insure finality. Consequently, we hold the tolling provision of RCW 11.40.090 applies only in cases where the petition to reopen has been filed within 18 months.

Compliance with the statutory nonclaim requirements is essential for recovery. *Turner v. Estate of Lo Shee Pang,* 29 Wn. App. 961, 963, 631 P.2d 1010 (1981). The Legislature has established a strict procedural format where one error may defeat a claim. Hanks erred. Twenty–two months after the publication of notice to creditors, Hanks peti-

tioned to have a successor personal representative appointed and the estate reopened. The 18–month nonclaim period provided by the Legislature lapsed before Hanks acted. The trial court correctly granted Nelson's motion for summary judgment.

The next question is if the trial court erred in deciding as a matter of law that Hanks had no grounds under the theory of estoppel to overcome the bar of the nonclaim statute. The Washington Supreme Court has spoken directly to this issue:

> [T]he statute of nonclaim . . . is mandatory and a personal representative may not be estopped to deny the validity of a claim on any ground.

*State ex rel. Patchett v. Superior Court,* 60 Wn.2d 784, 788, 375 P.2d 747 (1962).[1] Our Supreme Court has considered and rejected Hanks' argument that fairness requires equity to remedy a failure to comply with the statute.

Finally, Hanks argues that the personal representative's failure to file an affidavit of publication voids the validity of the notice to creditors and prevents the running of the nonclaim statute. Hanks failed to raise this issue at trial, and we decline to consider it for the first time on appeal. *State v. Davis,* 41 Wn.2d 535, 250 P.2d 548 (1952).

Affirmed.

SWANSON and SCHOLFIELD, JJ., concur.

---

[1] In *State ex rel. Patchett v. Superior Court,* 60 Wn.2d 784, 375 P.2d 747 (1962), the claimant based his argument of estoppel on the slowness of the settlement negotiations with an insurance company. The claimant argued that "the insurance company should not be allowed to benefit from [the] delay". *Patchett,* at 788. The court found no merit in the argument, relying on *Davis v. Shepard,* 135 Wash. 124, 237 P. 21, 41 A.L.R. 163 (1925), where the court specifically rejected authorities which allowed estoppel to raise the bar of the nonclaim statute. *Davis,* at 133.