[No. 7865.   Decided March 9, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Edna Mann et al., Appellant,* v. THE SUPERIOR COURT FOR THURSTON COUNTY *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—WILLS—PROBATE—ORDER—EN-TRY—INADVERTENCE.   Inadvertence in failing to enter an order of probate of record is not a valid objection to administration based on the probate of the will.

EXECUTORS AND ADMINISTRATORS — NONRESIDENT DECEDENTS — NE-CESSITY OF ADMINISTRATION.   Upon the death of a nonresident, leaving real property in this state, there is the same necessity for administration in this state as in the case of resident decedents, regardless of proceedings in another state, as they are of no effect in this state for any purpose.

SAME—PROBATE OF FOREIGN WILL—DEBTS.   Upon the probate of a foreign will, the absence of debts can only be established by notice to creditors.

SAME—RIGHT TO ADMINISTER—DISCRETION.   The right to adminis-ter upon an estate is statutory, with no discretion in the court where proper application is made.

[1]Reported in 100 Pac. 198.

Application for a writ of certiorari to review an order of the superior court for Thurston county, Irwin, J., entered January 18, 1909, after a hearing on the merits, denying a petition to dismiss proceedings for the probate of a will. Denied.

*R. H. Frye*, for relators.

*Thos. M. Vance, Troy & Sturdevant*, and *S. P. Richardson*, for respondents.

RUDKIN, C. J.—Edward Harkness died testate at his home in Los Angeles county, California, on the 24th day of December, 1907. He left an estate in California subject to administration, also an estate in Thurston county of this state. The property in Thurston county, with the exception of two lots devised to his daughter, was devised to his widow for life, and after her death to his two sons, share and share alike. The will was admitted to probate in the superior court of Los Angeles county, California, and the widow was appointed administratrix with the will annexed. The California estate is now in process of administration there. A copy of the will and of the original record of probate, authenticated by the attestation of the clerk of the court in which probation was made, was filed in the superior court of Thurston county. The will was admitted to probate and one Walter Crosby was appointed administrator with the will annexed, at the instance and request of the widow of the deceased. On the 13th day of January, 1909, the devisees named in the will, other than the widow, appeared specially in the court below and moved the court to dismiss the probate proceedings instituted here, on substantially two grounds; first, because the foreign will was never admitted to probate; and second, because there was no necessity for administration in this state. The petition was denied, and the petitioner thereupon applied to this court for a writ of review to review the action of the superior court in denying the motion to dismiss. The case is now before us on the return to the order to show

cause why the writ should not issue as prayed. The return shows that the will was in fact admitted to probate in the court below, but through inadvertence the order of probation was not entered. The first assignment of error is therefore untenable. Nor does it appear that there is no necessity for administration in this state. The California court has no jurisdiction over the real property of the decedent having its situs in this state, and the proceedings in that court will not bar the claims of creditors residing in this state, if any such there be, in so far as the property in this state is concerned. Bal. Code, §§ 6120, 6121 (P. C. §§ 2410, 2411), provide as follows:

"Sec. 6120. Wills probated in any other state or territory of the United States, or in any foreign country or state, shall be admitted to probate in this state on the production of a copy of such will and of the original record of probate thereof, authenticated by the attestation of the clerk of the court in which such probation was made; or if there be no clerk, by the attestation of the judge thereof, and by the seal of office of such officers, if they have a seal."

"Sec. 6121. All provisions of the law relating to the carrying into effect of domestic wills after probate shall, so far as applicable, apply to foreign wills admitted to probate in this state, as contemplated in the preceding section."

Section 6125 (P. C. § 2417), provides that:

"After probate of any will letters testamentary shall be granted to the persons therein appointed executors. If a part of the persons thus appointed refuse to act, or be disqualified, the letters shall be granted to the other persons appointed therein. If all such persons refuse to act, letters of administration with the will annexed shall be granted to the person to whom administration would have been granted if there had been no will."

Section 6141 (P. C. § 2433), provides that administration of the estate of a person dying intestate shall be granted to the surviving husband or wife, or such person as he or she may request to have appointed. Under these sections there is the same necessity for the appointment of an administrator

to carry out the provisions of a foreign will as exists in the case of a domestic will. In other words, the same necessity for administration existed in this state as would have existed had the testator lived and died here. The fact that the testator lived and died in another jurisdiction, or the fact that he left property in another jurisdiction, or the fact that administration proceedings are pending in another jurisdiction, has nothing whatever to do with the necessity for administration in this state upon real property situated in this state. One of the purposes of administration is the payment of the debts of the deceased and the barring of claims against the estate. A mere statement or affidavit that there are no such claims cannot establish that fact. Such fact can only be judicially established by due course of administration. If the will of the testator had first been admitted to probate in this state and the widow applied for letters of administration upon the estate, we apprehend that the heirs or devisees could not defeat her right by asserting that there were no debts against the estate and no necessity for administration.

We held in *State ex rel. Speckart v. Superior Court*, 48 Wash. 141, 92 Pac. 942, and other cases, that there was no necessity for administration where the estate had already become vested in the heirs or devisees, and where all possible claims against the estate had been paid or were barred by the statute of limitations, but the rule established by these decisions does not extend to a case of this kind. The right to administer upon an estate is a statutory one, and where application is seasonably made by one of the parties designated by the statute, the court has no discretion in the matter. The application for the writ is accordingly denied.

FULLERTON, GOSE. CROW, MOUNT, DUNBAR, and CHADWICK, JJ., concur.