[No. 14716.   Department Two.   June 24, 1918.]

*In the Matter of the Estate of* Mary Collins.[1]

Executors and Administrators—Appointment—Debts — Assignment by Heirs. Since the fact of no debts can be established only by the appointment of an administrator and notice to creditors, it is error to refuse to appoint an administrator for an estate consisting only of a promissory note which had been assigned by all the heirs of the deceased, since Rem. Code, § 1364, provides that the property of the deceased shall be subject to the payment of debts; and it is not enough that an heir testified that he was positive that the deceased left no debts.

Appeal from an order of the superior court for Lewis county, Reynolds, J., entered November 6, 1917, refusing to appoint an administrator, after a hearing before the court. Reversed.

*A. A. Hull* and *Wm. M. Urquhart, Jr.,* for appellant.

*J. E. Willis,* for respondents.

Mount, J.—This appeal is from an order of the lower court refusing to appoint an administrator of the estate of Mary Collins, deceased.

On October 30, 1911, Mary Collins, a widow, conveyed to the appellant, T. O. Nelson, forty acres of land in Lewis county. The appellant and wife executed a mortgage upon this land to Mary Collins to secure the payment of $1,000, being one-half the purchase price thereof. The note for $1,000 was due and payable in five years from its date. On March 4, 1913, before the note became due, Mary Collins died intestate, leaving four children, namely, Lucy Dickson, James Collins, Daisy Harris, and George Collins. There were no other heirs, and each of these was more than twenty-one years of age. The only assets of the estate consisted of the debt owing by Nelson. After

[1]Reported in 173 Pac. 1016.

the death of Mrs. Collins, Lucy Dickson, Daisy Harris and George Collins assigned the note and mortgage to their brother, James Collins, who in turn assigned the note to Will Turner. There was no administration upon the estate. After the note became due, on September 11, 1917, T. O. Nelson, the maker of the note and mortgage, filed a petition in the superior court of Lewis county praying that he or some suitable person be appointed administrator of the estate. Thereafter the heirs of Mary Collins, and Will Turner, the assignee of the note and mortgage, filed objections to the appointment of an administrator, for the alleged reason that there was no property and no debts of the estate, and that there was no necessity for the appointment of an administrator. When the petition and these objections came on to be heard, the trial court dismissed the application, and this appeal followed.

We are of the opinion that the trial court erred in refusing to appoint a suitable person as administrator of the estate. It is no doubt true, as argued by the respondents, that the assignee of the note and mortgage would be authorized to receive payment and satisfy the mortgage in case there was a valid assignment thereof; but before there could be a valid assignment of the note and mortgage by the heirs of the deceased, after her death, it must appear that such heirs were authorized to make a valid assignment. Their right to make a valid assignment depended upon the fact that there were no debts against the estate; for the statute, at § 1364, provides that, when any person shall die possessed of property not disposed of by his will, such property shall be subject to the payment of the debts of the deceased. It is plain that, if there were any debts against the estate of the deceased, the heirs would not be authorized to transfer the estate so as to avoid these debts. It is true James Collins, a wit-

ness upon the trial, testified that he was manager of his mother's estate during her lifetime, and when asked "Did your mother leave any debts when she died?" over objection of the appellant's counsel, he answered, "I am positive my mother left no debts."

It is apparent that this was but the opinion of the witness. Furthermore, we are satisfied the fact could not be proved in that way; for this court, in *State ex rel. Mann v. Superior Court*, 52 Wash. 149, 100 Pac. 198, said:

"One of the purposes of administration is the payment of the debts of the deceased and the barring of claims against the estate. A mere statement or affidavit that there are no such claims cannot establish that fact. Such fact can only be judicially established by due course of administration. If the will of the testator had first been admitted to probate in this state and the widow applied for letters of administration upon the estate, we apprehend that the heirs or devisees could not defeat her right by asserting that there were no debts against the estate and no necessity for administration."

This court has held that a claim against an estate is not barred by lapse of time where no notice to creditors has been published as required by law. *Donnerberg v. Oppenheimer*, 15 Wash. 290, 46 Pac. 254; *McFarland v. Fairlamb*, 18 Wash. 601, 52 Pac. 239; *Gleason v. Hawkins*, 32 Wash. 464, 73 Pac. 533.

So it is plain that there may be debts, and if there are debts against the estate which were not barred before the death of the intestate, such debts are not now barred, because no administrator has been appointed and no notice to creditors has been published. Since the fact of no debts can be established only by the appointment of an administrator and notice to creditors, it follows that there was no proof that there are no debts, and the heirs of the deceased were not au-

thorized to make an assignment of the note and mortgage at the time they did. When the appellant pays the note he is entitled to have the mortgage satisfied by one authorized to do so, in order that he may not again be liable to pay the note or any part thereof. If he should now pay the note to Mr. Turner, who holds the assignment, that payment would not release appellant from accounting primarily to the estate for any debts which may hereafter be established against the estate, because the assignment is invalid as to creditors of the estate. We are satisfied, therefore, that there is necessity for the appointment of an administrator of this estate, in order that it may be finally judicially determined that there are no debts and that the appellant's mortgage, when paid, may be legally satisfied.

The order appealed from is therefore reversed, and remanded with directions to the lower court to appoint the appellant or some suitable person administrator of the estate.

MAIN, C. J., HOLCOMB, CHADWICK, and MACKINTOSH, JJ., concur.