[No. 32611. Department One. January 29, 1954.]

ITALIA MORRISON, *Respondent*, v. JACQUE HULBERT, *as Administratrix, Appellant.*[1]

[1]Reported in 266 P. (2d) 338.

172

*Stratton & Derig* and *Paul W. Robben,* for appellant.

*Hall, Cole & Lawrence* and *Melvin F. Buol,* for respondent.

OLSON, J.—The question presented by this appeal is: Must a claim based on a judgment entered less than six years before the death of the judgment debtor, be allowed as a valid claim against the debtor's estate, when it is filed within the time provided in the notice to creditors in that estate, but more than six years after the original judgment was entered? The trial court answered this question in the affirmative, and we agree with that conclusion.

January 22, 1946, plaintiff recovered a judgment against one Leonard D. Waters and others. Waters died September 22, 1951. Defendant qualified as administratrix of his estate November 8, 1951, and published notice to creditors March 28, 1952. September 26, 1952, plaintiff served and filed a claim against the estate, based upon her judgment. The administratrix rejected the claim, and this action was brought to compel its allowance. Judgment was entered for plaintiff, and defendant has appealed.

Defendant's argument is that plaintiff's claim was not valid when it was filed in probate, because more than six years had elapsed since the entry of the judgment. She relies upon the following statutes:

RCW 4.56.210 [*cf.* Rem. Rev. Stat., § 459]: "After the expiration of six years from the date of the entry of any judgment rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor."

RCW 4.56.220 [*cf.* Rem. Rev. Stat., § 460]: "No suit, action, or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim, or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment."

She contends that these statutes are more than statutes of limitation, in that they go both to the remedy and the substance of the right of action of the judgment creditor. *St.*

*Germain v. St. Germain,* 22 Wn. (2d) 744, 756, 157 P. (2d) 981 (1945), and cases cited; *Hutton v. State,* 25 Wn. (2d) 402, 405, 171 P. (2d) 248 (1946).

But RCW 11.40.130 [*cf.* Rem. Rev. Stat., § 1489] is applicable to claims against deceased judgment debtors. It reads as follows:

"When any judgment has been rendered against the testator or intestate in his lifetime, no execution shall issue thereon after his death, but it shall be presented to the executor or administrator, as any other claim, but need not be supported by the affidavit of the claimant, and if justly due and unsatisfied, shall be paid in due course of administration: *Provided,* That if it is a lien on any property of the deceased, the property may be sold for the satisfaction thereof, and the officer making the sale shall account to the executor or administrator for any surplus in his hands."

We hold that, in the event of the death of a judgment debtor, this section applies to the exclusion of all other statutes, so that a claim, valid at the date of his death, must be allowed as a valid claim against his estate, provided it is filed in accordance with RCW 11.40.010 [*cf.* Rem. Rev. Stat., § 1477], the probate nonclaim statute. This conclusion is impelled by the rule that a debt which is valid when the debtor dies, is a binding obligation of his estate until the expiration of the time limited for the presentation of claims, by the probate code. *In re Curtis' Estate,* 116 Wash. 237, 243, 199 Pac. 309 (1921), and cases cited. Also, this code, in RCW 11.40.010-11.40.150 [*cf.* Rem. Rev. Stat., §§ 1477-1491], contains complete provisions for the filing and disposition of claims against estates. *State ex rel. McClintic v. Superior Court,* 158 Wash. 255, 257, 290 Pac. 870 (1930). If a claim is not barred at the time of the death of the debtor, the only statute of limitation then applicable to the claim is found in the provisions of the cited probate statute of nonclaim. *Davis v. Shepard,* 135 Wash. 124, 132, 237 Pac. 21, 41 A. L. R. 163 (1925). See *In re Collins' Estate,* 102 Wash. 697, 699, 173 Pac. 1016 (1918). It applies to all claims against decedents' estates. *In re Rhodes,* 196 Wash. 618, 621, 83 P. (2d) 896 (1938).

The further contention of defendant that judgment should not have been entered against her, is without merit. By the terms of the statute, RCW 11.40.120, Rem. Rev. Stat., § 1488, a judgment rendered against an administratrix shall establish only the amount of the judgment as an allowed claim. It must be paid in the ordinary course of administration, and in the order of statutory priority. *Archer Blower & Pipe Co. v. Archer,* 33 Wn. (2d) 317, 320, 205 P. (2d) 595 (1949). Here the court properly ordered such payment.

The judgment is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

*Collins & White,* for respondent.

[1]Reported in 265 P. (2d) 1059.