JOHN J. O'CONNELL, *Attorney General, Plaintiff*, v. WILLIAM
R. CONTE, *Director of the State Department of
Institutions, Defendant.* *

*Reported in 456 P.2d 317.

*The Attorney General, Robert J. Doran, Chief Assistant,* and *Philip H. Austin, Assistant,* for plaintiff.

*The Attorney General, Stephen C. Way* and *Paul J. Murphy, Assistants,* for defendant.

HUNTER, C. J.—This is an original proceeding to obtain a writ of mandamus addressed to the respondent, William R. Conte, Director of the Washington State Department of Institutions, directing him to cease and desist from taking any further action in the administration and enforcement of any of the provisions of Laws of 1967, ch. 141, on the grounds of their alleged contravention of our state and federal constitutions.

By Laws of 1967, ch. 141, the Washington state legislature amended Laws of 1959, ch. 28, codified as RCW 72.33, by adding the new sections RCW 72.33.650-.700 which impose liability for the per capita costs of care, support and treatment upon the estates of all mentally or physically deficient persons who have been admitted to any of the state residential schools being operated by the department of institutions, with the proviso that their estate funds may not be reduced as a result of this liability below an amount of $1,000.

Under the procedures established by this 1967 amendatory act, the department of institutions is required to investigate and determine the assets of the estate of each resident of a state residential school. Upon determining that the estate of a particular resident is able to pay all or a portion of the monthly charges for care, support and treatment, the department is to issue a notice of such financial responsibility to the guardian of the resident's estate, or if no guardian has been appointed, then to the spouse or parents and to the attorney general. The act also provides

that whenever the assets of the estate of the resident total more than $1,000, and a guardian of the estate has not been appointed by the court, the attorney general shall be deemed to have been appointed guardian of such estate by the Thurston County Superior Court, to serve in such capacity until another guardian is appointed by the court or until the guardianship is terminated.

Laws of 1967, ch. 141, became effective on July 1, 1967. On February 5, 1968, the respondent director of the department of institutions caused notices of financial responsibility to be served upon the relator attorney general in a total of 192 cases involving residents of the several state residential schools whom he had determined, in January of 1968, to have had assets in excess of $1,000, and for whom no guardian of the estate had been appointed by the court.

Relator, hereinafter referred to as the plaintiff, thereupon instituted this action as the statutorily designated guardian of the estates of certain private citizens of this state who are affected by the 1967 act against which this suit is brought.

The provisions of the new sections added to Laws of 1959, ch. 28, and to RCW 72.33, to which the plaintiff objects, read as follows:

Sec. 2. . . .

. . . PROVIDED, That the estate funds may not be reduced as a result of such liability below an amount of one thousand dollars.

Sec. 4. . . .

. . . PROVIDED FURTHER, That where any person other than a resident or the guardian of his estate deposits funds so that the depositor and a resident become joint tenants with the right of survivorship, such funds shall not be considered part of the resident's estate so long as the resident is not the sole survivor among such joint tenants.

Sec. 12. Notwithstanding any other provision of this 1967 amendatory act, the director may, if in his discretion any resident of a state residential school can be discharged more rapidly therefrom and assimilated into a community, keep an amount not exceeding five thousand

dollars in the resident's fund for such resident and such resident shall not thereafter be liable thereon for per capital costs of care, support and treatment as provided for in section 2 of this act.

Sec. 6. . . .

(1) Whenever the assets of the estate of a resident of a state residential school total more than one thousand dollars, and a guardian of the estate has not already been appointed, the attorney general shall be deemed to have been appointed guardian of such estate by the Thurston County Superior Court as of the date a notice and finding of financial responsibility are served on the attorney general as provided in section 5 of this act. The attorney general shall serve as such guardian until another guardian is appointed, or until the guardianship is terminated, as provided in chapter 11.88 RCW.

The plaintiff first contends that sections 2, 4 and 12 of the act, which exclude, respectively, estates having funds of $1,000 or less, funds held in a joint tenancy, and estates of $5,000 or less in certain instances, are an unreasonable classification of persons and estates. As such, plaintiff contends that these sections violate the equal privileges and immunities provision of article 1, section 12 of the state constitution and the equal protection clause of the fourteenth amendment to the constitution of the United States.

■ It is the established rule of law in this state that an enactment is presumptively valid, and the burden is upon the challenger to prove that the questioned classification does not rest upon a reasonable basis. *Boeing Co. v. State,* 74 Wn.2d 82, 86, 442 P.2d 970 (1968). In 1910, in *State v. McFarland,* 60 Wash. 98, 102, 110 P. 792, this court set out the following standard to which we still adhere:

If any such classification can be sustained, it rests entirely within the discretion of the legislature to determine and establish its basis, and its determination when expressed in statutory enactment cannot be questioned successfully, unless it is so manifestly arbitrary, unreasonable, inequitable, and unjust that it will cause an imposition of burdens upon one class to the exclusion of another without reasonable distinction. The legislature, within the limitations of an exercise of a reasonable dis-

cretion, is required to base its classification upon some practical consideration suggested by necessity.

■ Applying this test to the instant case, we are satisfied that the aforementioned exemptions rest upon a reasonable basis. We find that the challenged legislation is a legitimate attempt by the legislature to reduce the burden on the taxpayer by forcing the estate of each resident to shoulder a share of the costs of his care and maintenance. The liability does not discriminate unfairly. In section 2, the $1,000 exemption applies to all estates. In section 4, the exemption excluding from liability funds held in a joint tenancy when deposited by one "other than a resident or the guardian of his estate," is likewise not unreasonable. It carries out the legislative purpose of the act of imposing liability upon the estates of residents themselves and at the same time of encouraging gifts and bequests to a resident by exempting such funds from liability for a resident's care, until he becomes the sole survivor of the fund. The section does not exempt from liability funds deposited in a joint tenancy account by a resident or his guardian, or the remainder of funds in the account once they become vested solely in a resident by the right of survivorship. Neither do we find section 12 of the act to be unreasonable. The purpose of our state residential schools, as expressed in RCW 72.33.010, is to rehabilitate, whenever possible, the mentally and physically handicapped residents under care and to facilitate their return to society. The granting by section 12 of discretionary power to exempt up to $5,000 of a resident's estate to the director of an institution, if in his judgment it will aid in that person's discharge, is in keeping with the express purpose of RCW 72.33. We therefore hold that these provisions in the 1967 act are reasonable classifications of persons and estates and are not in violation of the equal privileges and immunities provision of article 1, section 12 of the state constitution or the equal protection clause of the fourteenth amendment to the Constitution of the United States.

The plaintiff further contends, however, that the aforementioned grant by section 12, *supra*, of discretionary power to the director of the institution is an unlawful delegation of legislative power and contrary to article 2, section 1, of our state constitution.

This court has held in the past that decisions involving administrative or professional expertise are rightfully delegated when carrying out the purpose of the act. *State ex rel. Wohleb v. Yelle*, 196 Wash. 26, 81 P.2d 864 (1938); *Robinson v. Olzendam*, 38 Wn.2d 30, 227 P.2d 732 (1951). The general rule of law in this respect is that the constitutional prohibition against delegation of legislative power does not preclude delegation to administrative officers or boards of the power to determine some fact or state of things upon which application of law is made to depend, provided the law enunciates standards by which officers or boards must be guided. *Senior Citizens League, Inc. v. Department of Social Security*, 38 Wn.2d 142, 228 P.2d 478 (1951); *Yelle v. Bishop*, 55 Wn.2d 286, 347 P.2d 1081 (1959). However, this rule is flexible, as we have noted in *Kelleher v. Minshull*, 11 Wn.2d 380, 397, 119 P.2d 302 (1941):

> It is not always necessary that statutes and ordinances prescribe a specific rule of action. This is particularly true in those situations where it is difficult or impracticable to declare a definite, comprehensive rule, or where the discretion to be exercised by an administrative officer relates to a regulation imposed for the protection of public morals, health, safety, and general welfare.

Thus, the complexity and character of the subject matter of legislation are factors to be considered when determining whether there has been an unlawful delegation of legislative power. *Yelle v. Bishop, supra*; *Senior Citizens League, Inc. v. Department of Social Security, supra*. In the instant case under section 12, we have a situation where it would be very difficult to declare definite guidelines for a director to follow in his use of discretion for determining a resident's readiness to return to the community. However, we find that this use of discretion is

adequately guided by the manifest purpose of the 1967 act, which is to impose liability upon the estates of residents unless, as expressed in section 12, it is probable that an exemption up to $5,000 would prove useful to a resident's rehabilitation. We feel that the director of an institution in the light of his expertise would be the person most qualified to make the determination required by this section of the act. We therefore hold that section 12 of the 1967 act does not constitute an unlawful delegation of legislative authority in contravention of article 2, section 1, of our state constitution.

The plaintiff also contends that the legislative attempt to appoint the attorney general guardian of the estates of certain residents, under section 6(1), *supra*, of the 1967 act, violates article 4, section 6, of our state constitution.

■ We agree. The power to appoint a guardian for an incompetent is vested exclusively in the superior court by virtue of that portion of article 4, section 6, vesting the court with jurisdiction "of all matters of probate." Section 6(1) of the 1967 act is therefore an unconstitutional invasion of the powers of the court. The fact that the appointment might only be temporary as provided by the act in section 6(1), *supra*, does not minimize the effect. The courts were constitutionally granted jurisdiction over "all matters of probate" and must exercise that power.

Past decisions of this court depict the jurisdiction in guardianship proceedings as being inherent, even as to nonresidents. In reaching the decision of *In re Stewart*, 85 Wash. 190, 199, 147 P. 1153 (1915), the court quoted the following passage from *In re Sall*, 59 Wash. 539, 542, 110 P. 32, 626 (1910):

> "A careful examination of the law on our own account convinces us that the superior courts have an inherent jurisdiction to protect estates of nonresident, incompetent persons; and that, while it is generally said that the power to appoint guardians is purely statutory, the power in fact lies in the sovereignty of the state and the procedure only is statutory."

The unconstitutionality of section 6(1), relating to the appointment of the attorney general as guardian of certain estates raises the question of severability. While it is true that Laws of 1967, ch. 141, do not include a severability clause, we find that this invalid section or portion of the act can be stricken without hindering the operation of the act as a whole.

█ It is the duty of the courts to construe legislation so as to make it purposeful and effective. *DeGrief v. Seattle,* 50 Wn.2d 1, 10-11, 297 P.2d 940 (1956). Moreover, in the very recent case of *Boeing Co. v. State,* 74 Wn.2d 82, 88, 442 P.2d 970 (1968), this court, sitting en banc, considered the question of severability:

An act should not be declared unconstitutional in its entirety because one or more of its provisions is unconstitutional, unless the invalid provisions are unseverable and it cannot reasonably be believed that the legislature would have passed the one without the other, or unless the elimination of the invalid part would render the remainder of the act incapable of accomplishing the legislative purposes. *Hogue v. Port of Seattle,* 54 Wn.2d 799, 341 P.2d 171 (1959).

Moreover, we find that the instigation of guardianship proceedings in the courts under existing laws, would provide no impediment to the carrying out of the legislative purpose of the 1967 act. We hold that section 6(1), which purports to appoint the attorney general as guardian of certain estates, is unconstitutional, but can be severed from the remainder of the act; and that the purpose and intent of the act can be wholly achieved without such section or portion thereof.

In view of our disposition of this case, we find it unnecessary to determine the plaintiff's contention that section 6(1) of the act violates the due process and equal protection guarantees of our state and federal constitutions; or that the said section would force the attorney general into a dual role of representing the conflicting interests of the state and a private client or ward in the same case.

We deny the writ as to the enforcement of all the provisions of the act, except as to section 6(1). The petition for writ of mandamus prohibiting the respondent from carrying out the provisions of section 6(1) of the act is granted.

ALL CONCUR.