[No. 41379.   En Banc.   May 20, 1971.]

WATER DISTRICT No. 105, KING COUNTY, *Appellant,* v. THE STATE OF WASHINGTON *et al., Respondents.*

338

*Clodfelter, Lindell & Carr, V. Robert Barker,* and *Stephen C. Watson,* for appellant.

*Slade Gorton, Attorney General, Henry W. Ipsen, Charles B. Roe, Jr., Jane Dowdle Smith, Assistants,* for respondents.

HUNTER, J.—This is an action by the plaintiff (appellant), Water District No. 105, King County, a municipal corporation, seeking a declaratory judgment invalidating Laws of 1967, Ex. Ses., ch. 135, § 3, on the grounds that the act is in contravention of our state constitution.

Defendants (respondents) are the Pollution Control Commission, an agency of the State of Washington, established in RCW 90.48, and the Department of Health, an agency of the State of Washington, established in RCW 43.20.

Pursuant to Laws of 1963, ch. 111, § 1, which authorizes water districts to establish, maintain and operate sewer systems, the plaintiff water district conducted engineering and financial feasibility studies, prepared and adopted a comprehensive plan of sewage facilities; and on April 15,

1966 adopted resolution No. 92, thereby declaring an intent to construct and furnish sewage service in its district.

The title to the 1967 act, now being challenged, was passed by the legislature subsequent to the water district's resolution and reads as follows:

AN ACT relating to water districts; authorizing the leasing out of real property; amending section 1, chapter 111, Laws of 1963 and RCW 57.08.065; and adding a new section to chapter 57.08 RCW.

In addition to the section relating to the leasing of real property, the following new section is contained in the act which has precipitated this lawsuit:

*Provided,* That no water district shall proceed to exercise the powers herein granted to establish, maintain, construct and operate any sewer system without first obtaining written approval and certification of necessity so to do from the state of Washington pollution control commission and department of health.

Laws of 1967, Ex. Ses., ch. 135, § 3.

Pursuant to this provision in the statute, both the Pollution Control Commission and the Department of Health adopted regulations to be used in applying for an approval and a certification of necessity, and informed the water district that it could not proceed with its sewer system until approvals and certifications of necessity were obtained from them.

The water district thereupon instituted this declaratory judgment action against the two state agencies in the Thurston County Superior Court, seeking to invalidate the act on constitutional grounds. The trial court held the act was not in contravention of our constitution and entered judgment accordingly. The plaintiff appeals.

The plaintiff first contends that the 1967 act, *supra,* is invalid on the grounds that it violates article 2, section 19 of our state constitution which requires the subject matter of every bill to be expressed in the title. The plaintiff asserts that the title of the challenged act does not give notice of the new requirement that water districts must

secure prior written approval and a certification of necessity from the Pollution Control Commission and the Department of Health, and therefore violates this constitutional provision.

■ It is well established that where the validity of a statute is assailed there is a presumption of the constitutionality of the legislative enactment unless its repugnancy to the constitution clearly appears or is made to appear beyond a reasonable doubt. *Clark v. Dwyer,* 56 Wn.2d 425, 353 P.2d 941 (1960), *cert. denied,* 364 U.S. 932, 5 L. Ed. 2d 365, 81 S. Ct. 379 (1961). It is equally well settled that the constitutional provision relating to titles is to be liberally construed in order to sustain the validity of the statute. *Shea v. Olson,* 185 Wash. 143, 53 P.2d 615, 111 A.L.R. 998 (1936).

■ In addition to the aforementioned rules, we have held that the sufficiency of the title of an amendatory act will not be inquired into if the new matter is within the purview of the title of the original act. *Goodnoe Hills School Dist. v. Forry,* 52 Wn.2d 868, 329 P.2d 1083 (1958); *Keeting v. PUD 1,* 49 Wn.2d 761, 306 P.2d 762 (1957); *St. Paul & Tacoma Lumber Co. v. State,* 40 Wn.2d 347, 243 P.2d 474 (1952). In *St. Paul & Tacoma Lumber Co.* we approvingly cited the following section from 1 J. Sutherland, Statutory Construction § 1908 at 345 (3d ed. F. Horack 1943):

> If the title identifies and purports to amend a prior act, any matter properly connected with, or germane to, the subject expressed in the title of that act may be included in the body of the amendatory act. Any matter that could validly have been enacted as part of the original act under its title is considered germane. If the title of the original act is sufficient to embrace the matter contained in the amendatory act, the sufficiency of the title of the latter will not be inquired into.

In the present case the 1967 act is amendatory of Laws of 1963, ch. 111. Therefore the issue is not, as the plaintiff contends, whether the title of the act gives notice of the subject matter contained therein. Rather the issue is

whether the title identifies the original act, and whether the matter in the body of the amendatory act is germane to the subject expressed in the title of the original act.

The first clause in the title of the amendatory act generally identifies the original act by stating that this is "AN ACT relating to water districts; . . ." The third clause specifically identifies the original act and denominates the particular section which is to be amended by providing: ". . . amending section 1, chapter 111, Laws of 1963 and RCW 57.08.065; . . ."

The title of the amended act, Laws of 1963, ch. 111, reads as follows: "An Act relating to the establishment, maintenance and operation of sewer systems by water districts; and adding a new section to chapter 57.08 RCW." The challenged provision of the amendatory act which requires written approval and a certification of necessity from the designated agencies is a prerequisite for the establishment and operation of a sewer system. Clearly this new matter is within the purview of the title of the original act. We therefore hold that plaintiff's contention, that the title of the 1967 act does not embrace the full subject matter of the act, is without merit. The cases cited by the plaintiff in support of this contention are inapposite.

The plaintiff further contends that the 1967 act is invalid for the reason that the act contains two subjects, in violation of article 2, section 19 of the state constitution. The plaintiff argues that one section of the act relates to the leasing of real property by water districts and another section limits the power of the water districts to construct sewer systems; therefore, two subjects are contained in the enactment in contravention of our constitutional prohibition.

This court has held that where the title embraces a general subject it is not violative of the constitution even though the general subject contains incidental subjects. All that is required is that there be some "rational unity" between the general subject and the incidental subdivisions. *Kueckelhan v. Federal Old Line Ins. Co.*, 69 Wn.2d 392, 418

P.2d 443 (1966); *Robison v. Dwyer,* 58 Wn.2d 576, 364 P.2d 521 (1961). We are satisfied that the 1967 act meets this requirement.

■ The title of the 1967 act provides that this is "AN ACT relating to water districts." The subjects contained in the body of the act authorizing water districts to lease real property and the other dealing with the authority of water districts to provide sewer systems are naturally and reasonably connected with the general subject, relating to water districts, expressed in the title. We therefore hold the 1967 act does not violate article 2, section 19 of our state constitution.

The plaintiff further contends that the 1967 enactment constitutes an unlawful delegation of legislative power contrary to article 2, section 1 of our state constitution. It is the plaintiff's position that the act does not provide definite and certain standards for the granting of approval and the certification by the Pollution Control Commission and the State Department of Health.

■ The general rule of law in this respect is that the constitutional prohibition against delegation of legislative power does not preclude delegation to administrative agencies of the power to determine some fact or state of things upon which the application of law is made to depend, provided the law enunciates standards by which officers or boards must be guided. *O'Connell v. Conte,* 76 Wn.2d 280, 456 P.2d 317 (1969); *Senior Citizens League, Inc. v. Department of Social Security,* 38 Wn.2d 142, 228 P.2d 478 (1951). However, the rule is flexible and where there are complex considerations particularly in the area of public morals, health, safety and general welfare this court has exhibited greater liberality in permitting grants of discretion to administrative bodies. In *Kelleher v. Minshull,* 11 Wn.2d 380, 397, 119 P.2d 302 (1941), we said:

> It is not always necessary that statutes and ordinances prescribe a specific rule of action. This is particularly true in those situations where it is difficult or impracticable to declare a definite, comprehensive rule, or where the discretion to be exercised by an administrative officer

relates to a regulation imposed for the protection of public morals, health, safety, and general welfare. 11 Am. Jur. 948, Constitutional Law, § 234.

In *State ex rel. McBride v. Superior Court,* 103 Wash. 409, 427, 174 P. 973 (1918), we stated:

> It is settled that laws and ordinances creating boards of health and granting wide powers for the effective and effectual carrying out of the legislative plan for protecting health, must be liberally construed.

■ For convenience we again set out the proviso of the 1967 act in which the contested delegation of authority appears:

> *Provided,* That no water district shall proceed to exercise the powers herein granted to establish, maintain, construct and operate any sewer system without first obtaining written approval and certification of necessity so to do from the state of Washington pollution control commission and department of health.

Laws of 1967, Ex. Ses., ch. 135, § 3. Here the legislature delegated to the respective agencies the responsibility of determining in which situations a certification of necessity and approval should be granted allowing water districts to establish, maintain, construct and operate a sewer system. Inherent in this delegation of authority is the standard of necessity. The function and purpose of the Pollution Control Commission and the Department of Health is to determine whether there is a reasonable need for a sewer system as prescribed by the water districts. This standard or guideline of necessity limits the scope of the agencies' authority.

The complexity and character of the subject matter of this legislation warrants a broad delegation of power. This is illustrated by the rules and regulations that have been adopted by the commission and the department pursuant to the 1967 act, relative to the granting of a certification of necessity, which involve consideration of such factors as existing health problems, the extent of the proposed service area, population and industry within the service area, the

relation to other service areas, the disposal of sewage, the conformity to drainage basins, and other complex health and pollution considerations.

It would be difficult, if not impossible, for the legislature without the collective expertise of the Pollution Control Commission and the Department of Health to declare definite guidelines for allowing a water district to operate a sewer system. Under these circumstances we are satisfied that the standard of necessity is a sufficiently defined standard, and that article 2, section 1 of our constitution is not violated by the 1967 enactment.

The plaintiff argues, however, that the delegation of authority to the respective agencies does not have sufficient procedural safeguards for the reason that the legislature made no provision for review in the 1967 act. This contention is without merit. The Washington Administrative Procedures Act, RCW 34.04, provides for sufficient opportunities for review of the administrative actions.

The judgment of the trial court is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HALE, NEILL, STAFFORD, and WRIGHT, JJ., concur.