[No. 41988.    En·Banc.    December 30, 1971.]

JOHN A. BELANCSIK, *Appellant*, v. OVERLAKE MEMORIAL
HOSPITAL *et al., Defendants, Estate of* VICTOR
F. HEBERT, *Respondent.*

*Helsell, Paul, Fetterman, Todd & Hokanson, William A. Helsell,* and *Dennis D. Yule,* for appellant.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Craig P. Campbell,* and *John J. Soltys,* for respondent.

FINLEY, J.—Plaintiff Belancsik appeals from a summary judgment of the trial court dismissing his lawsuit for medical malpractice. The trial court predicated dismissal upon a finding that RCW 11.40.011, the nonclaim statute pertaining to estates protected by liability insurance, is unconstitutional because (1) it violates the "expressive title" requirement of Const. art. 2, § 19, and (2) it denies equal protection.

Appellant suffered spinal injuries in an automobile accident on June 16, 1966. He was treated for these injuries by several doctors, among whom was Dr. Hebert, who last treated appellant on October 17, 1966. Dr. Hebert died on November 6, 1968; his estate is defendant-respondent herein. Appellant contends that he did not discover Dr. Hebert's role in his treatment until May 6, 1970, at the time of taking the deposition of a Dr. Hanson. On May 12, 1970, appellant served a claim for his alleged damages on Dr. Hebert's estate. This claim was rejected, and, subsequently, on July 21, 1970, appellant amended his complaint in the lawsuit here involved to include Dr. Hebert's estate as one of the defendants. The estate thereupon moved for summary judgment on the grounds that RCW 11.40.011 is unconstitutional because the statute has an inadequate title and denies equal protection. The trial court agreed with the contentions of the estate and granted the motion for summary judgment, holding, in effect, that appellant's claim against the estate was barred by the normal 4-month nonclaim period provided by RCW 11.40.010.

RCW 11.40.011 provides that:

> The four-month time limitation for serving and filing of claims [against an estate] shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased and/or the marital community of which the deceased was a member and such claims may at any time within eighteen months after the date of the first publication of notice to creditors be:
>
> (1) Served on the personal representative, or the attorney for the estate . . .
>
> . . .
>
> Claims may be served and filed as herein provided, notwithstanding the conclusion of any probate proceedings: *Provided,* That the amount of recovery under such claims shall not exceed the amount of applicable insurance coverages and proceeds: *And provided further,* That such claims so served and filed shall not constitute a cloud or lien upon the title to the assets of the estate under probate nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate subject to such probate.

The first issue on appeal is whether RCW 11.40.011 violates Const. art. 2, § 19. We conclude that it does not.

Const. art. 2, § 19 requires that "[n]o bill shall embrace more than one subject, and that shall be expressed in the title." The statute in question, RCW 11.40.011, was enacted as part of Laws of 1967, 1st Ex. Ses., ch. 106, the title to which reads:

> AN ACT relating to probate law and procedure; prescribing changes in probate procedures; amending section 11.20.050, chapter 145, Laws of 1965 and RCW 11.20.050; amending section 11.56.110, chapter 145, Laws of 1965 and RCW 11.56.110; adding a new section to chapter 145, Laws of 1965 and to chapter 11.40 RCW; repealing section 8, chapter 168, Laws of 1967; and providing an effective date.

The title of an amendatory act is sufficient where (1) that title identifies and purports to amend the original act, and (2) the subject matter of the amendatory act is within the purview of the title of the original act. *Water Dist. 105 v. State,* 79 Wn.2d 337, 485 P.2d 66 (1971). The

above quoted title contains the significantly explanatory phrase—"adding a new section to . . . chapter 11.40 RCW . . . ". Thus the title identifies the act to which a new section is added. Also, the subject matter of RCW 11.40.011, the amendatory act, is within the purview of the title of the original act. The original act involved is the probate code of 1965 (Laws of 1965, ch. 145), entitled:

> An Act establishing a code of probate law and procedure, including the making and probating of wills, administration of estates of deceased persons and appointment of guardians of the persons and estates of minors, insane and mentally incompetent persons and administration of their estates; enacting a title of the Revised Code of Washington to be known as Title 11—Probate Law and Procedure; providing penalties; repealing certain acts and parts of acts; and declaring an effective date.

The constitutionality of this title was upheld in *In re Estate of Wiltermood*, 78 Wn.2d 238, 472 P.2d 536 (1970). In *Wiltermood* a section of the probate code of 1965 which provided that adopted children are not considered heirs of their natural parents was objected to on the basis that it was not identified in the title of the act. In sustaining the sufficiency of that title, we said, at page 242:

> The title of the probate code, of which RCW 11.04.085 was a part, needed only to give reasonable notice that the contents might affect the rights of inheritance. . . . There is no doubt that the probate code's title gave sufficient notice of its contents to satisfy the constitution, and that the probate code is an appropriate location for setting forth the laws of intestate succession.

Similarly, in the instant case, there can be no doubt that the probate code is an appropriate location for provisions modifying the statute of limitations for actions brought against estates. In referring to the section of the original probate code which it modifies, the title of Laws of 1967, 1st Ex. Ses., ch. 106 adequately expresses the subject of the act in general and of RCW 11.40.011 in particular.

We find no merit in respondent's contention that the legislature's denomination of RCW 11.40.011 as an "ad-

dition" to "chapter 11.40 RCW" rather than an "amendment" rendered the title inexpressive of the true nature of the enactment. The title in question is sufficient to put any reasonably competent reader on notice that some change has been made in the preexisting law. Whether such a change is characterized as an "addition" or an "amendment" is irrelevant.

The second issue on appeal is whether RCW 11.40.011 violates Const. art. 1, § 12 or the fourteenth amendment to the United States Constitution. We conclude that it does not.

■■ The fourteenth amendment to the United States Constitution provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." Const. art. 1, § 12 prohibits the "granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." It has long been recognized that to comply with these constitutional provisions, legislation involving classifications must satisfy two requirements: (1) the legislation must apply alike to all persons within the designated class; and (2) reasonable ground must exist for making a distinction between those who fall within the class and those who do not. *State ex rel. Bacich v. Huse*, 187 Wash. 75, 59 P.2d 1101 (1936). It is not disputed that RCW 11.40.011 applies alike to all within the class it sets up—estates protected by liability insurance. The only disputed issue is whether a reasonable ground exists for making a distinction between those estates covered by liability insurance and those which are not. We conclude that reasonable grounds *do* exist for subjecting estates covered by liability insurance to a longer statute of limitations. Claims subject to RCW 11.40.011, by virtue of the fact that they are satisfied from insurance proceeds, in no way affect the interests of the heirs and beneficiaries and present no obstacle to an orderly and efficient administration of the estate, as do those claims subject to RCW 11.40.010. Where an estate is covered by

liability insurance, there are valid reasons for saving a claimant from the hardship of having his claim, no matter how recently arisen, cut off only 4 months after a decedent's death by operation of RCW 11.40.010.

We note in passing that this, or any other statute, is a presumptively valid exercise of legislative authority. *O'Connell v. Conte*, 76 Wn.2d 280, 456 P.2d 317 (1969). Other jurisdictions have made similar distinctions, subjecting estates protected by insurance to a potentially longer period of liability. Ore. Rev. Stat. § 115.015; Fla. Stat. Ann. § 733.16; Uniform Probate Code § 3-803. And in numerous instances courts have upheld the validity of statutes affording different treatment to those covered by insurance or asserting claims which will be covered by insurance. *Michael v. St. Paul Mercury Indem. Co.*, 92 F. Supp. 140 (W.D. Ark. 1950) (upheld a statute which allowed a tort claimant to sue directly the liability insurer of a charitable institution even though the institution itself was immune to suit); *Watson v. Employer's Liability Assurance Corp.*, 348 U.S. 66, 99 L. Ed. 74, 75 S. Ct. 166 (1954).

■ We conclude that the classification established by RCW 11.40.011 is reasonable and does not violate the fourteenth amendment to the United States Constitution or Const. art. 1, § 12. We also conclude that RCW 11.40.011, like its companion nonclaim statute RCW 11.40.010, sets out the governing limitation period for all claims against a decedent not barred by the general statute of limitations at the time of his death, and it may have the effect either of diminishing or extending the otherwise applicable limitation period. *See Morrison v. Hulbert*, 44 Wn.2d 171, 266 P.2d 338 (1954); *Davis v. Shepard*, 135 Wash. 124, 237 P. 21, 41 A.L.R. 163 (1925). Accordingly, whether the statute of limitations began to run against appellant at the time of his last treatment by Dr. Hebert or from the time he allegedly obtained the pertinent information from the deposition of Dr. Hanson, his claim against Hebert's estate was a timely one, and the trial court's dismissal of appellant's action must be reversed.

It is so ordered, and the case is remanded for further proceedings consistent with this opinion.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., concur.