[No. 10125–1–I.   Division One.   March 15, 1982.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM
H. BERRY, *Respondent*.

*David Thiele, Prosecuting Attorney*, and *David L. Jamieson, Jr., Deputy,* for appellant.

*Jacqueline Shafer,* for respondent.

SWANSON, J.—Once again, we are asked to consider a challenge to the speedy trial rule, CrR 3.3, this time on constitutional grounds.

In this case, the trial court ordered the second degree assault charge filed against William H. Berry dismissed with prejudice because the November 17, 1978, version of CrR 3.3(b)[1] violated the equal protection clause of the United States Constitution. The State appeals. Before we discuss this constitutional challenge, we first briefly review the facts and procedure of this case.

On March 12, 1980, someone fired a gun at two people in a mobile home. The two occupants did not see the person who was shooting at them, but they heard a voice which they thought they recognized as that of William H. Berry. Island County sheriff's deputies arrested Berry the next day and seized his revolver. On March 14, Berry had a preliminary appearance to a charge of attempted first degree assault. Berry was then released on personal recognizance.

---

[1]CrR 3.3 provided in pertinent part:

"**(b) Time Limits.**

"(1) The time limits set forth in subsections (b)(2) and (b)(3) shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court."

On April 10, the prosecutor received the police file. The prosecutor determined that further investigation was necessary before making a charging decision. In particular, the prosecutor wanted a ballistics report on Berry's gun and on the bullets recovered from the mobile home. On June 5, the prosecutor learned that ballistics tests showed a slug recovered from the victims' mobile home came from Berry's gun. On June 9, the prosecutor filed a complaint in district court, charging Berry with second degree assault. On June 18 (97 days after Berry's initial arrest), Berry appeared for a preliminary hearing in district court. Finding probable cause, the district court judge bound the matter over to superior court. An information was filed against Berry in superior court that same day. On June 20, Berry was arraigned and pleaded not guilty. The case was set for trial on September 3.

Berry then filed a motion to dismiss the charge, claiming a violation of his statutory right to a speedy trial under CrR 3.3. A hearing was held on July 11. The trial judge denied the motion on July 15; but later on July 24, he requested briefing on the constitutionality of CrR 3.3(b). At a hearing on August 18, the trial judge ruled that CrR 3.3(b) violated the equal protection clause because it distinguished unfairly between defendants who received preliminary hearings in district court and those who received no preliminary hearings in district court. The trial judge relied on *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976) (CrR 3.3 operates from filing of information where inordinate delay occurs between filing of information and bringing accused before the court). He reasoned that permitting a substantial delay between arrest and preliminary hearing (97 days in this case) and then to start the speedy trial time period running again did not allow equal protection. He then dismissed the charge with prejudice. The State appealed.

■ CrR 3.3 is a procedural rule enacted under our Supreme Court's inherent powers. *State v. Edwards,* 94 Wn.2d 208, 212, 616 P.2d 620 (1980). Such rules of criminal

procedure shall not be construed to affect or derogate from a defendant's constitutional rights. CrR 1.1. This rule creates a statutory right to be tried within designated time periods, which cannot properly be termed "fundamental" in the sense of fundamental constitutional guaranties. *See State v. Franulovich,* 18 Wn. App. 290, 293, 567 P.2d 264 (1977), *review denied,* 90 Wn.2d 1001 (1978) (counsel may waive a criminal defendant's statutory speedy trial right created by CrR 3.3). CrR 3.3 then grants the defendant statutory rights extending beyond the constitutional speedy trial right and, therefore, does not involve a fundamental right requiring strict judicial scrutiny under the equal protection clause.

██ Court rules like CrR 3.3 receive the same manner of interpretation as statutes. *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979); *State ex rel. Schillberg v. Everett District Justice Court,* 90 Wn.2d 794, 797, 585 P.2d 1177 (1978). In challenging the constitutionality of this court rule, Berry had to carry the heavy burden of demonstrating its invalidity beyond a reasonable doubt. *State v. Primeau,* 70 Wn.2d 109, 111, 422 P.2d 302 (1966). Berry has not carried this burden. He has cited no authority holding this statute or similar statutes unconstitutional, and we have found no authority to sustain Berry's theory.

██ Our Supreme Court has thoroughly summarized the applicable standards for reviewing an equal protection challenge. In *Sparkman & McLean Co. v. Govan Inv. Trust,* 78 Wn.2d 584, 588, 478 P.2d 232 (1970), the court stated:

> It is the well–established rule of law in this state that a statutory classification having some reasonable basis does not offend the equal protection clause or the privileges and immunities clause. *O'Connell v. Conte,* 76 Wn.2d 280, 283, 456 P.2d 317 (1969); *Boeing Co. v. State,* 74 Wn.2d 82, 86, 442 P.2d 970 (1968); *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963). In order to successfully attack a particular classification, it must be shown that such classification is manifestly arbitrary, unreasonable, inequitable, and unjust. *Treffry v. Taylor,* 67 Wn.2d 487,

408 P.2d 269 (1965); *Kelleher v. Minshull,* 11 Wn.2d 380, 119 P.2d 302 (1941).

Accordingly, the question is not whether the statute is discriminatory in nature, nor is it of paramount concern if the classification results in some inequality. The crucial determination is whether there are reasonable and justifiable grounds giving rise to the classification. *State v. Persinger, supra; State v. Kitsap County Bank,* 10 Wn.2d 520, 117 P.2d 228 (1941). Finally, in making this determination, it is recognized that the legislature has a wide range of discretion in defining the classifications and that such enactments are presumptively valid. *O'Connell v. Conte, supra.*

■ There are reasonable and justifiable grounds for measuring the speedy trial time limits differently when a preliminary hearing is held in district court. Filing a criminal complaint in district court for a preliminary hearing is one of the four ways for determining probable cause. *State v. Jefferson,* 79 Wn.2d 345, 485 P.2d 77 (1971) (filing of information in superior court, grand jury indictment, and inquest proceedings are other methods). While the sole function of the preliminary hearing in district court is to determine probable cause, the defendant also receives incidental benefits such as the opportunity to gain freedom from an unsustainable charge without a full–scale criminal trial and the chance to gain insight into the case. *State v. Jefferson, supra* at 349. The preliminary hearing is then often the most practicable and fair method for finding probable cause. A preliminary hearing does, however, require time and preparation because it is similar to a trial. Thus, the classification established by the November 17, 1978, version of CrR 3.3 is not arbitrary and must prevail. *See Moran v. State,* 88 Wn.2d 867, 568 P.2d 758 (1977).

Berry has not claimed any violation of his constitutional right to a speedy trial. The trial court specifically found that there was no evidence at all of misconduct by the prosecutor or anyone else. The State did not cause any inordinate delay in the proceedings. Finding the court rule did not violate the equal protection clause and no violation

of the constitutional right to a speedy trial, we reverse and remand for trial.

ANDERSEN, C.J., and WILLIAMS, J., concur.