The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This is in response to your request, on behalf of Springdale City Attorney Jeff Harper, for an opinion on the following question:
 A certified law enforcement officer arrests a person on probable cause for a misdemeanor offense, such as domestic battering (third degree) and the person is taken to jail, and remains in jail until their first appearance in front of the judicial officer within 48 hours of arrest. When the judicial officer holds the probable cause hearing for detaining the arrested person under Rule 8.3(c) of the Arkansas Rules of Criminal Procedure, must there be a sworn affidavit by the police officer as to the facts of the case, or will a police report suffice for the judicial officer to use in determining if there is probable cause to detain the person further?
I assume from the phrasing of the question, that Mr. Harper is referring to a misdemeanor arrest made without a warrant. See A.R.Cr.P. 4.1(a)(iv). I also assume, because it is not indicated otherwise, that the police report is the only evidence to be used by the judicial officer. The question seems to posit this circumstance. It is my opinion, based upon the facts recited above, that the Rules of Criminal Procedure are not entirely clear as to whether sworn evidence by the police officer is required. The dictates of the Fourth Amendment to the United States Constitution, however, require the judicial officer to base the probable cause determination on some type of sworn evidence. In my opinion, therefore, the applicable rules would be construed to require a sworn affidavit by a police officer under the circumstances described.
Some explanation is necessary. Rule 8.3 of the Arkansas Rules of Criminal Procedure governs the "first appearance" of a defendant before a judicial officer. It provides as follows:
 (a) Upon the first appearance of the defendant the judicial officer shall inform him of the charge. The judicial officer shall also inform the defendant that:
 (i) he is not required to say anything, and that anything he says can be used against him;
(ii) he has a right to counsel; and
 (iii) he has a right to communicate with his counsel, his family, or his friends, and that reasonable means will be provided for him to do so.
 (b) No further steps in the proceedings other than pretrial release inquiry may be taken until the defendant and his counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived his right to counsel or has refused the assistance of counsel.
 (c) The judicial officer, if unable to dispose of the case at the first appearance, shall proceed to decide the question of the pretrial release of the defendant. In so doing, the judicial officer shall first determine by an informal, non-adversary hearing whether there is probable cause for detaining the arrested person pending further proceedings. The standard for determining probable cause at such hearing shall be the same as that which governs arrests with or without a warrant. [Emphasis added.]
In addition, Rule 4.1 of the Rules of Criminal Procedure, which governs warrantless arrests, provides in pertinent part that:
 (e) A person arrested without a warrant shall not be held in custody unless a judicial officer determines, from affidavit, recorded testimony, or other information, that there is reasonable cause to believe that the person has committed an offense. Such reasonable cause determination shall be made promptly, but in no event longer than forty-eight (48) hours from the time of arrest, unless the prosecuting attorney demonstrates that bona fide emergency or other extraordinary circumstance justifies a delay longer than forty-eight (48) hours. Such reasonable cause determination may be made at the first appearance of the arrested person pursuant to Rule 8.1.
These rules ensure a defendant's Fourth Amendment right to a prompt probable cause determination made by an independent judicial officer, where the arrest was made without a warrant. See Gerstein v. Pugh,420 U.S. 103 (1975) and County of Riverside v. McLaughlin, 500 U.S. 44
(1991). See also Nance v. State, 323 Ark. 583, 918 S.W.2d 114 (1996).
As noted in Rule 8.3(c), the "standard for determining probable cause . . . shall be the same as that which governs arrests with or without a warrant." Rule 7.1 of the Rules of Criminal Procedure governs the standard for issuing an arrest warrant. It states that "a judicial officer may issue a warrant for the arrest of a person if, from affidavit, recorded testimony, or other information, it appears there is reasonable cause to believe an offense has been committed and the person committed it." Rule 4.1 authorizes warrantless arrests in certain circumstances where the officer has "reasonable cause to believe that [the] person has committed" one of the acts for which a warrantless arrest is authorized.
As noted in both Rule 8.3(c) and Rule 4.1(e), a judicial officer making an initial probable cause determination after a warrantless arrest may base a finding of probable cause from "affidavit, recorded testimony, or other information." This phrase is drafted in the disjunctive, indicating that any of the three types of evidence listed, standing alone, might suffice to support a finding of probable cause. The first two types referred to (affidavit and recorded "testimony") by definition refer to sworn evidence. The phrase "other information," however, does not so specify. The question presented for resolution is therefore whether an unsworn police report, standing alone, will suffice for a judicial officer to make a determination of probable cause. Although the pertinent Arkansas Rules of Criminal Procedure might admit of such a construction, it is my opinion that the Arkansas Supreme Court would not construe them this way.
One may not simply view the Rules of Criminal Procedure in a vacuum, without reference to the constitutional safeguards they were intended to protect.[1] In this regard, the Fourth Amendment to the United States Constitution provides that:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. [Emphasis added.]
When an arrest is made with a warrant, a judicial determination has already been made, based upon oaths or affirmations, that probable cause exists to arrest. For arrests made without a warrant, however, there has been no such determination at the time of arrest. This is why a prompt judicial determination of probable cause is required after the arrest, and the determination is governed by the same standard as is required for arrests with a warrant. Jenkins v. Chief Justice, 416 Mass. 221,619 N.E.2d 324 (1993), citing Gerstein, supra. The Fourth Amendment, as can be seen from the language above, requires the probable cause determination to be supported by "oath or affirmation." "TheFourth Amendment requires that arrests be based `upon probable cause, supported by Oath or affirmation' — a requirement that may be satisfied by an indictment returned by a grand jury, but not by the mere filing of criminal charges in an unsworn information signed by the prosecution." Kalina v. Fletcher, ___ U.S. ___, 118 S. Ct. 502
(1997). See also Fraizer v. Roberts, 441 F.2d 1224
(8th Cir. 1971) (stating that "[t]he Supreme Court has held that a magistrate may find probable cause only `from facts or circumstances presented to him under oath or affirmation," citingNathanson v. United States, 290 U.S. 41 (1933)). See also Coolidge v. NewHampshire, 403 U.S. 443 (1971); Albrecht v. United States, 273 U.S. 1
(1927).
As a constitutional matter, in my opinion, this same "oath or affirmation" requirement obtains at a post warrantless arrest probable cause determination. See generally State v. Evans, 187 Wis. 2d 66,522 N.W.2d 554 (1994) (holding unsworn police "show-up" report insufficient to support probable cause, but harmless error under the circumstances), and Jenkins v. Chief Justice, 416 Mass. 221, 619 N.E.2d 324 (1993) (requiring "oath or affirmation" to support post warrantless arrest probable cause determination based on state constitution, and noting that the same constitutional principles governing issuance of warrants govern such determinations (citing Gerstein v. Pugh, supra)). Cf. also, Peoplev. Golberg, 161 Cal. App. 170, 207 Cal. Rptr. 431 (1984) (stating that the better practice is for police reports to be sworn for use before a magistrate at a probable cause hearing, but where short form affidavit of officer which appends police report was used, it is not per se invalid).
In my opinion, therefore, the U.S. Constitution compels a probable cause determination to be based on some type of sworn evidence.[2] The question you have presented describes only a police report presented to a judicial officer. In my opinion a finding of probable cause based solely on this evidence may run afoul of constitutional dictates. In my opinion the Arkansas Supreme Court will construe the Arkansas Rules of Criminal Procedure, if possible, as being in compliance with constitutional requirements. It has been stated that the courts construe their own rules using the same means as are used to construe statutes. Munson v. State,331 Ark. 41, 959 S.W.2d 391 (1998). One of the primary rules of statutory construction is that statutes will be construed, if possible, as constitutional. See Stone v. State, 254 Ark. 1011, 498 S.W.2d 634
(1973). Other states have held that court rules should be construed as constitutional, if at all possible. See generally State v. Berry,31 Wash. App. 408, 641 P.2d 1213 (1982) and Trans-Action CommercialInvestors, Ltd. v. Jelinek, 60 Cal. App. 4th 352, 70 Cal. Rptr. 2d 449
(1997).
In my opinion, therefore, the United States Constitution requires a probable cause determination to be based upon sworn evidence. The Arkansas Rules of Criminal Procedure will, in my opinion be construed consistently with this requirement. In my opinion, therefore, the answer to your question is that some type of sworn evidence is necessary.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] See also A.C.A. §§ 16-85-201 to — 203. Section 16-85-201(b)(1), which involves offenses committed in another county, refers to statements made to the magistrate "on oath."
[2] Of course, such sworn evidence may contain hearsay statements from informants which may be considered by the judicial officer if they are reliable. Newman v. State, 327 Ark. 339, 939 S.W.2d 811 (1997).